## THE STATE v. PATZA.

As a general rule no evidence is admissible of other felonies committed by the prisoner, than that charged in the indictment. But there are exceptions to this rule, one of which is where it becomes material to show the intent with which the act charged was done, when evidence may be given of a distinct offence, not laid in the indictment. Thus, on an indictment under the stat. of 6 March, 1819, s. 2, for "stabbing and thrusting with intent to commit the crime of murder," it devolving on the prosecution to show that the act was done

under such circumstances that the offence would be murder if death ensued, malice must be shown; and for that purpose evidence is admissible of an attempt by the prisoner to poison the party stabbed, and that whether the attempt to poison had been declared a crime by statute or not.

An indictment for *stabbing* is not supported by proof of a *cutting*. *Per Curiam:* The word *stab* imports a wound made with a pointed instrument; the word *cut*, one with an instrument having an edge.

STATE
*v.*
PATZA.

APPEAL from the First District Court of New Orleans, *McHenry,* J.
*Elmore,* Attorney General, for the State.

*Schmidt,* for the appellant, contended that the court erred: *First,* in admitting evidence of a distinct and graver offence (B. & C. Dig. 251, no. 52) committed long previous, for the purpose of proving intent. Archibold's C. Plead. pp. 68, 212, 246. 2 Russel, 694, 696. Wharton's Am. Cr. Law, 168, 171, 194, 345. *Secondly,* in not charging as asked. 1 Russell, p. 597. *Rex* v. *Boyce,* Moody's Crown Cases, p. 30. *Rex* v. *Gardener,* Ibid 390. 3 Chitty. B. & C. Dig. p. 246, secs. 24, 270, 145. 9 Blacks. 193. *Rex* v. *Amarro,* Rus. & Ry. 285. *Rex* v. *McDermott,* 355.

The judgment of the court was pronounced by

KING, J. The defendant was indicted under the second section of the act of the 6th March, 1819, (B. & C. Dig. p. 265,) for stabbing and thrusting, with intent to commit the crime of murder. On the trial of the cause in the inferior court, *Ann Williams,* the person on whom the crime is charged to have been committed, testified as a witness on the part of the State. After declaring that the accused *cut* her throat, she proceeded to state that, on a previous occasion, the accused had attempted to administer laudanum to her in wine, for the purpose of poisoning her. This testimony was objected to, on the ground that it related to a different offence from that to which the prisoner was called to answer. The objection was overruled, and a bill of exceptions was taken.

The judge did not, in our opinion, err, in receiving the evidence. The general rule is, as stated by the counsel for the accused, that no evidence can be given of other felonies committed by the prisoner than that charged in the indictment. To this rule, however, there are exceptions, one of which is when it becomes material to show the intent with which the act charged was done. Evidence may then be given of a distinct offence, not laid in the indictment. 2 Russ. on Crimes, pp. 694, 698.

In order to support the charge in the indictment, it devolved upon the prosecution to show that, the act was done under such circumstances that the offence would have been murder if death had ensued. It became necessary, therefore, to show malice; and, for that purpose, former grudges and concerted plans to do bodily harm to the person to whom the violence was offered, have been uniformly admitted. In the case of an attempt to poison, evidence of former, and also of subsequent attempts, of a similar nature, are admissible. 2 Starke, Ev. 924. And on an indictment for maliciously shooting, if it be questionable whether the act was done by accident or design, proof may be received that the prisoner, at another time, intentionally shot at the same person. 1 Russ. and Ry. 551. The evidence opposed in the present instance can not be considered open to the objection that it relates to a separate and distinct offence, the act which it discloses not having been declared a crime by statute. The circumstance, however, may have been material to show an evil design previously entertained by the prisoner against the person of the witness, and was admissible before the jury for that purpose.

The judge was requested to instruct the jury that, in order to sustain the

65

accusation, the State must prove that a *stab* had been inflicted, and that proof of *cutting* would not support the charge of *stabbing*. The judge declined to charge as requested, stating that he recognized no such distinction, and to his refusal a bill of exceptions was taken.

A distinction exists between the words *cut* and *stab* in the ordinary acceptation of those terms. The word *stab* imports a wound made with a pointed instrument, and the word *cut* a wound with an instrument having an edge. Arch. C. P, 426. 1 Russ. on Crimes, 597. This distinction appears to have been recongnized in a recent case, in the interpretation of an english statute very similar to our own, in which those words are used to designate crimes. In the case of *Rex* v. *Mc-Dermot*, 1 Russ. & Ry. p. 356, it was held that an indictment for striking and *cutting* was not supported by evidence of *stabbing*. In construing a penal statute we do not feel authorized to reject the distinction thus recognized to exist between those terms when used to designate crimes. We think that the charge asked for was erroneously refused.

It is, therefore, ordered, that the judgment of the District Court be reversed. It is further ordered that the cause be remanded for a new trial.