STATE *v.* JOHN ROHFRISCHT and MRS. JOHN ROHFRISCHT, alias CATHA-
RINE DOBLER.

Where testimony had been given without objection, as shown by the bill of exceptions, and its ex-
clusion had, therefore, become impossible, the Jury being already in possession of it—*Held :* That
a motion to exclude such testimony was unmeaning and was properly overruled.

In providing against the crime of arson. the statute makes no distinction in reference to the owner-
ship of the house, whether belonging to the accused or to a third person.

The Judge *a quo* did not err in admitting evidence that another and different firing of the premises
had taken place three or four weeks previously to the firing charged in the indictment, and under
circumstances tending to throw suspicion on the defendants of the same crime they are now
charged with, and of which testimony had already been offered to the Jury.

It is competent for the State to prove by a witness that the defendant had offered such witness a
bribe to swear falsely that certain other witnesses, who had testified on the part of the State, had
threatened to burn defendants' house the day before the fire testified to by them. It is not a suf-
ficient objection to such evidence, that the defendant had not introduced any testimony. The evi-
dence objected to did not purport to rebut or discredit any evidence which it was anticipated the
accused were about to offer.

A verdict in a capital case of " guilty without capital punishment," is justified by the 25th section of
the Act of 1855, relative to criminal proceedings.

The endorsement of the name of the offence on the indictment, is no part of the finding of the Grand
Jury.

The ruling of the late Court of Errors and Appeals, that the term felony is unknown to the laws of
Louisiana, was an unadvised *dictum*, and is not concurred in by this court.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
   *E. W. Moïse*, Attorney General, for the State. *E. Abell* and *G. Schmidt*,
for defendants and appellants.

BUCHANAN, J. The defendants were indicted and convicted under the 46th
section of the Act of 1855, (Session Acts, p. 137,) *Mrs. Rohfrischt* of "felon-
iously, wilfully and maliciously " setting fire to a mansion-house, and *John Roh-
frischt* of counselling, procuring and commanding the said *Mrs. Rohfrischt*
" the said felony in manner and form aforesaid to commit."

The case comes up upon six bills of exceptions and a motion in arrest of
judgment.

The first bill of exceptions states that a witness testified he was clerk of an
insurance company in which *John Rohfrischt*, the accused, insured the coffee-
house No. 8 Poydras street, called the Live-Oak Coffee-house, and that said
contract was in writing. Whereupon defendants, through their counsel, moved
the court to exclude this testimony from the Jury then and there sworn and
empannelled to try the cause; which motion was overruled.

This motion was unmeaning. The bill shows that the testimony had already
been given without objection, and its exclusion had therefore become impos-
sible, the Jury being already in possession of it.

The second exception is to the refusal of the Judge to charge the Jury "if
they believed, from the testimony, the house burnt was the house of the de-
fendant *John Rohfrischt*, or that of his wife, the accused could not be convict-
ed of the offence charged."

The Judge properly refused to give this charge. The statute under which
the defendants were prosecuted makes no such distinction as is here presented.

The third bill of exceptions, as it appears in the transcript, is unintelligible.

The fourth bill is to the admission of evidence that another and different firing of the premises of defendants had taken place three or four weeks previously to the firing charged in the indictment, and under "circumstances tending to throw suspicion on defendants of having committed the same crime for which they were here and at this time indicted and charged, and of which testimony had already been offered to the Jury." The ruling of the court was correct, upon the authority of *State* v. *Patza*, 3d An. 512.

The fifth bill of exceptions is to the admission of a witness to prove that he, the witness, had been offered by the defendant *John Rohfrischt* a bribe to falsely swear that certain other witnesses of the State, who had testified on the trial, had threatened to burn the house of defendant the day before the fire testified to by them; to which the defendants objected, "because they had as yet introduced no testimony."

No authority has been quoted in support of this objection, and no good reason is perceived why the State might not prove this fact as a part of its case, before the accused offered *their* testimony. The evidence objected to did not purport to discredit or rebut any evidence which it was anticipated the accused were about to offer.

The sixth bill of exceptions is imperfect and unintelligible in the transcript.

Defendants moved to arrest the judgment on the ground that the verdict "guilty without capital punishment," is equivalent to a verdict of not guilty of the offence charged in the indictment, because the statute in such case made and provided, declares that any person who shall be convicted of such offence shall suffer death.

The law is as stated. But the verdict is justified by the 25th section of the Act of 1855, relative to criminal proceedings (page 154 Session Acts).

Various other objections have been made in argument by the counsel of the accused to the regularity and legality of the proceedings in the nature of assignments of error, which we next proceed to notice.

The indictment is endorsed "Arson"—"A true bill," and it is said that it results from such endorsement that the common law definition of "arson" must govern this case. The endorsement of the name of the offence of which the prisoner is charged on the back of the indictment, is no part of the finding of the Grand Jury. 1 M. R. 221; 2 An. 924; 3 An. 154.

The averments of the indictment "before the committing of the said *felony*," and "did counsel, &c., the said *felony*" are objected to; it being argued for defendants, on the authority of *Charlot's* case, in 8th Robinson, that the term *felony* is unknown to the laws of Louisiana. Although the late Court of Errors and Appeals did hold that language in the case quoted, yet it was an unadvised *dictum*. The term *felony* occurs in many of our statutes, antecedent to that opinion. It is only necessary to cite the territorial statute of crimes and misdemeanors of 1805 and the supplementary statute of 1818. (Bullard & Curry, 245, 260, 261.) See also the Acts of 1855, p. 172, section 2, which prescribes the use of the word "feloniously" in an indictment for the offence therein spoken of.

It is also objected in argument, that it appears from the face of the indictment, that the defendant, *Mrs. John Rohfrischt*, alias *Catharine Dobler*, committed the offence by order of her husband. Without going any further into the argument on this head, it suffices to say that the indictment does not charge

or allege that the two defendants are husband and wife. The designation of the female defendant as *Mrs. John Rohfrischt* does not amount to such an averment, even if it stood by itself. But it is coupled with an *alias*.

Judgment affirmed, with costs.