*850 The opinion of the court was delivered by
Nicholls, C. J.
Only one question is presented to us in this case. Defendant was convicted in the lower court upon an information for. petty larceny and sentenced to imprisonment in the penitentiary for six months. ‘
He complains in this as he did in the District Court of the ruling of the judge a quo in allowing, over his objections, the introduction of the testimony of several witnesses, which evidence he claims was to show that he was guilty of another separate and distinct larceny, committed at a different time and place, and of property belonging to a different owner.
His position is set forth in the syllabus of the brief of his counsel as follows:
“On trial of an accused charged with larceny, it is not competent for the State, in order to show the intent with which the act was committed, to prove him guilty of another larceny committed at a different time and place. State vs. Johnson, 38 An. 686, 688; State vs. Palmer, 32 An. 565; Schaser vs. The State, 36 Wis. 429.
“ On the trial of an indictment for larceny evidence of distinct thefts committed at other times and places than the one for which defendant is on trial is incompetent. William vs. State (Texas), 6 S. W. Rep. 318; English vs State (Texas), 15 S. W. Rep. 649.
“Evidence must be confined to the point at issue and the facts proven must he strictly relevant to the particular charge and have no reference to any conduct of the prisoner disconnected with the charge. Hudson vs. The State, 3 Cold. (Tenn.) 355; People vs. Sharp, 107 N. Y. (Ct. App.) 427.”
The general rule is that when a man is put upon trial for one offence he is to be convicted, if at all, by evidence which shows that he is guilty of that offence alone and that other offences committed by him are wholly excluded,-'therefore, the introduction of collateral evidence of extraneous crimes to show intent, motive, guilty knowledge, are exceptions to this general rule, and in order that this evidence be admissible at all it must bear directly and materially upon and have some connection with the issue before the jury. People vs. Sharp, 107 N. Y. 427; Hudson vs. State, 3 Cold. (Tenn.) 355; English vs. State (Texas), 15 S. W. Rep. 649; Commonwealth vs. Jackson, 132 Mass. 16, and authorities cited therein.
There is no doubfbthat for certain purposes and under certain cir *851 cumstances evidence is admissible of the perpetration by the defendant of a crime other than the one with which he is charged. The general rule, however, is against the introduction of such evidence and the exceptional circumstances, which justify a departure from the rule, should be clear and very convincing. This statement of the proposition shows that each case must, to a great extent, be passed upon in view of its own special facts. The subject is treated of at length in Rice on Evidence, Vol. 3, Chap. 25, Secs. 153 et seg,, and specially as to larceny in Chap. 42, Sec. 453.
The author in Sec. 157 says: “It is a dangerous species of evidence, not only because it requires a defendant, to'meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by propf that he is guilty of another;” and in Sec. 153 he says: “ The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to conviction upon the particular charge made by proof of other acts in no way connected with it, and to uniting evidence of several offences to produce conviction for a single one.”
In the bill of exceptions reserved by the defendant to the action of the court in permitting the testimony of Dominecq, Chaplain and Kennedy to go to the jury, to show the intent of the accused (Bates) at the time of the larceny of the pool balls, charged to have been stolen on the 30th of September, 1893, the testimony of those witnesses is stated by him “ to have been substantially as follows:
“ That George Bates, in company with one William Daly, alias Chickens, did, on the day previous, enter the place of one J. P. Dominecq, and that after their departure five balls were found missing, which balls were subsequently found at Louis Chaplain’s, where they had been sold by the said George Bates. That the said five balls, or any of them, were not the ones alleged to have been stolen from the place of M. Schultz on the -30th of September, 1893, for which the accused was then being tried, but the property of J. P. Dominecq, for which larceny the said George Bates stood charged upon an information pending before the said court.”
*852 The judge’s statement at the foot of the bill is as follows:
“ Bates was tried alone, his co-defendant, Ramps, having escaped. The following facts were established: That the prisoner, accompanied by his co-defendant, entered the billiard room of the prosecuting witness, M. Schultz, and they were seen leaning against a billiard table upon which a set of fifteen pool balls was lying; that after remaining there awhile they took their departure together. Immediately thereafter two balls were missed from the table against which the defendants had leaned, and the proprietor, suspecting them of the theft, pursued and came in sight of the men several squares from his saloon. Ramps fled, while Bates was caught. Three pool balls were found in his possession, two of which were identified as belonging to the prosecuting witness, and the other unaccounted for and belonging to a different set. Bates’ explanation was that the balls were given to him by Ramps and that he knew nothing of their theft. The State then offered to prove the larceny of other pool balls by this same defendant under similar circumstances and within a few days of the larceny charged in this information to prove system and intent. The evidence was admitted for those purposes. The jury was specially charged that no man should be found guilty of an offence charged against him by proof of his having committed another offence of the same nature; that if they found beyond a reasonable doubt that a larceny of other pool balls other than those charged in this information had been committed by the prisoner at the bar, that such evidence must be confined" strictly to the question of ‘ intent. ’ This charge was given at the time the evidence objected to was admitted, and afterward in the general charge with explanations to make the principle clear.”
The objection urged to the testimony was “ that it was irrelevant and formed no part of the res gestee; that it formed no connection with the' case .at bar and was part and parcel of another crime for which the accused stood charged and untried and had happened at a different time and place.”
We find in the record a statement of facts made by the judge in connection with his action in overruling a motion for a new trial, but it is not embodied in any bill of exceptions, and we do not feel warranted in making use of it. We think it sufficiently appears from the record that the guilt of the accused, Bates, or his guilty connection with the first larceny referred to in the bill of exceptions, *853 is still a matter in pais, and doubtless bad that case gone first to trial the evidence bearing upon the larceny charged in the present one would have been sought with equal propriety to have been introduced therein in either case to the great danger of “uniting evidence of several offences in order to produce conviction for a single one.”
In Shaffner vs. Commonwealth, 72 Va. 60, 13 Am. Rep. 649 (Agnew, J.), it was said: “If the evidence be so dubious that the judge does not clearly perceive the connection (between the two offences), the benefit of the doubt should be given to the prisoner instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of the particular guilt. ”
The same judge, in the same case, very properly said: “To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor linking them together for some purpose he intended to accomplish. * * * Without this obvious connection, it is not only unjust to the prisoner to compel him to acquit himself of two offences instead of one, but it is detrimental to justice to burden a trial with multiplied issues that tend to confuse and mislead the jury. The most guilty criminal may be innocent of other offences charged against him, of which, if fairly tried, he might acquit himself. Erom the nature and prejudicial character of such evidence, it is obvious it should not be received unless the mind plainly perceives that the commission of the one tends, by a visible connection, to prove the commission of the other by the prisoner.” We understand that the present case rested entirely upon circumstantial evidence, as would also the first larceny charged. There would be less objection than there is to the testimony which was received had Bates been “ convicted ” instead of being merely “ charged” with the commission of the first offence. We do not plainly see the connection between the two offences. The admissibility of the testimony is not clear to us, and we deem it our duty, in this special case, to give the benefit of the doubt to the accused.
It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment of the court rendered therein be annulled, avoided and reversed, and the case remanded for a new trial.