(36 South. 30.)

No. 15,125.

STATE v. JOHNSON et al.

(Feb. 15, 1904.)

CRIMINAL LAW—EVIDENCE OF OTHER CRIME—INTENT.

1. It is competent for the state to prove that a person charged with the commission of a crime was seen in the vicinity where the crime was committed, shortly after or before the event, and if, when seen, he was engaged in the commission of another crime, the evidence, otherwise admissible, is not to be excluded on that account.

2. A distinct offense may also be proved, if necessary or pertinent, as showing intent in the matter of the crime charged.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Thomas Lewis, Judge.

Lemuel Johnson and another were convicted of crime, and appeal. Affirmed.

Veazie & Pavy, for appellants. Walter Guion, Atty. Gen., and R. Lee Garland, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. The defendants, Lemuel Johnson and Lafe McGuire, having been charged with rape, and convicted of assault with intent to commit rape, have appealed from a sentence of imprisonment at hard labor.

The only question pressed upon the attention of this court is that arising from the admission of evidence tending to prove that, upon the night upon which the crime charged is said to have been committed, the defendants broke the window of a house, two miles distant from that of the prosecuting witness, in which her sister and niece were living, and entered the house through the window, the testimony offered for the purpose having been objected to on the ground that it proved a distinct crime, not connected with that charged. The reasons assigned by the trial judge for the ruling complained of are stated as follows:

"The testimony on the trial of the case showed that the two defendants broke into the house of the prosecuting witness and her daughter and committed rape upon the mother and daughter, and the distinct offense shown by the state was an offense of the same nature, that is, breaking and entering in the nighttime, and in the same vicinity, and the witness and her daughter were alone and without male help, as were the prosecutrix and her daughter, and, in the opinion of the court, it was competent for the state to prove this collateral offense, to show that defendants were in the neighborhood on the night the offense charged was committed, to identify them as being engaged in committing offenses of the same character as that charged, and for the purpose of showing the intent of the parties in breaking and entering the house of a helpless woman and her daughter in the nighttime. * * *

"The evidence was introduced to show that the defendants were the persons who went to the house of the prosecutrix, to show that they were in the neighborhood on the night,

going in the direction of the house of the prosecutrix."

These reasons are sufficient. It was competent for the state to prove that, shortly after or before the event, the defendants were in the vicinity of the place where the crime charged was committed, and if, when seen, they were engaged in the commission of another crime, evidence, otherwise admissible, is not to be excluded on that account. Brown v. State, 26 Ohio St. 176; People v. Dimick, 107 N. Y. 31, 14 N. E. 178; State v. Benjamin, 7 La. Ann. 48; State v. Munco, 12 La. Ann. 625; State v. Goodwin, 37 La. Ann. 713; State v. Fontenot, 48 La. Ann. 306, 19 South. 111.

Moreover, we agree with the judge a quo that the evidence was admissible as tending to prove intent. State v. Vines, 34 La. Ann. 1079; Whart. Cr. Ev. 262 et seq.; Bish. Cr. Ev. § 1126. There were bills of exception taken upon other points, but they are without merit, and have been abandoned.

Judgment affirmed.