(45 South. 380.)

No. 16,782.

STATE v. HOLLAND.

(Dec. 16, 1907.)

1. CRIMINAL LAW — EVIDENCE — SIMILAR CRIMES.

As the offense of kidnapping, denounced by Rev. St. 1870, § 805, does not involve any particular criminal intent or evil motive evidence tending to show another kidnapping by the accused of the same person is inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 822–832.]

2. KIDNAPPING—INDICTMENT.

An indictment for kidnapping is not bad because the word "unlawfully" was substituted for the word "without authority of law."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Kidnapping, § 10; vol. 27, Indictment and Information, §§ 261–265.]

3. SAME.

As kidnapping was a misdemeanor at common law, and the statute does not use the word "feloniously" in describing the offense, the use of the word "feloniously" is not essential in the indictment, though the accused, if convicted, may be, in the discretion of the court, punished by imprisonment at hard labor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Kidnapping, § 10; vol. 27, Indictment and Information, §§ 261–265.]

Breaux, C. J., and Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

E. D. Holland was convicted of kidnapping, and appeals. Reversed and remanded.

William Crosby Pegues and Hall & Jack, for appellant. Walter Guion, Atty. Gen., and James Wilson Parsons, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. E. D. Holland, as principal, and Jim McDow, as accessory before the fact, were indicted for the offense commonly called "kidnapping," as denounced by section 805 of the Revised Statutes. McDow was acquitted, but Holland was convicted, and was sentenced to imprisonment in the penitentiary for the term of three years. He has appealed, and relies for reversal on one bill of exceptions and errors assigned as patent on the face of the record.

We will first consider the bill of exceptions, to which is attached the testimony of a number of witnesses and the objections of the defendant made at the time. Defendant was charged with "kidnapping" one Gertie Turner, and conveying her from the depot of the Kansas City Southern Railroad Company in the town of Mansfield to the sawmill of T. B. Herndon.

Over the objections of the defendant the state was permitted to introduce evidence tending to prove that the defendant, Holland, and Gertie Turner had lived together for about 10 years as man and wife; that in March, 1907, the accused hired a deputy sheriff to arrest the said Gertie Turner at Noble, La., without a warrant; that said officer delivered her to the accused, who carried her

to Shreveport, and thence to Roberson, La., where they lived together for several days; that Gertie Turner again deserted the accused, and went to live with a man named Watts; that the accused caused the said Gertie and her paramour, Watts, to be arrested without a warrant, at Kingston, La., and incarcerated in the parish jail, and subsequently made affidavits charging the woman with larceny and the man with larceny and selling intoxicating liquor without a license; that the parties so jailed were released by order of the magistrate at the end of two days—all of which preceded the kidnapping charged in the indictment to have taken place on August 1, 1907.

To all of which testimony the defendant objected as inadmissible and prejudicial, and more especially as tending to prove a kidnapping and false imprisonment not charged in the indictment, all of which objections were overruled by the trial judge, without any statement of the purpose for which the evidence was offered, and without any assignment of reasons for the ruling of the court. In this court counsel for the state asserts that the evidence was offered to prove the motive and intent of Holland, and to show that the kidnapping charged was against the will and consent of the woman.

Section 805 of the Revised Statutes of 1870 reads as follows:

"Whoever shall forcibly seize and carry out of this state, or from one part of this state to another, or shall imprison or secrete any person without authority of law, and all persons aiding, advising and abetting therein, on conviction, shall be imprisoned at hard labor or otherwise, for a period not exceeding five years, at the discretion of the court."

Under this statute the motive or intent of the kidnapper is immaterial. The law denounces the unlawful forcible seizure and removal of any person from one place to another, and also the unlawful imprisonment or secretion of any person within the limits of the state. There is no warrant for interpolating in the statute any particular motive or intent as an essential ingredient of the offenses so denounced. State v. Backarow, 38 La. Ann. 316.

The evidence objected to tended to prove that the accused had been guilty of kidnapping the same woman on a former occasion, and also of imprisoning her without authority of law. As a general rule evidence that the accused has been guilty of other offenses, even of the same nature, is inadmissible. State v. Johnson, 38 La. Ann. 686; Wharton's American Criminal Law, § 640. Rice on Evidence, vol. 3, § 157. The latter writer says:

"It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another."

The evidence should have been excluded.

Counsel for the accused has assigned as error that the indictment is fatally defective, because it omits the words "without authority of law," and does not use the qualifying word "feloniously." The indictment charges that the accused "with force and arms, willfully, forcibly, and unlawfully, and against her will, did seize and convey," etc. We consider that the word "unlawfully" necessarily implies "without authority of law." An unlawful act is one contrary to law, and hence without authority of law. The offense charged may be, but is not necessarily, a felony, as the accused may be punished by imprisonment without hard labor. The offense of kidnapping was at common law a misdemeanor. Bishop on Criminal Law, vol. 2, § 755. The word "feloniously" is not used in the statute, and as the offense charged is not a felony at common law its use in the indictment was not essential. Marr's Criminal Jurisprudence of Louisiana, p. 424, § 237.

We do not consider it necessary to pass on the state's contention that the assignment of errors was filed too late, since we hold it to be

bad. No assignment is necessary to enable this court to pass on the bill of exception.

It is therefore ordered that the verdict and sentence be set aside, and the case remanded to the lower court for further proceedings according to law.

The CHIEF JUSTICE and MONROE, J., dissent.