(82 South. 362)

No. 23420.

STATE v. JONES.

(June 2, 1919.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬤═371(1, 12) — EVIDENCE — OTHER CRIMES—MOTIVE—INTENT.

Testimony tending to show motive or intent with respect to the crime charged in a criminal prosecution is not to be excluded because it tends to prove, or does prove, the commission of an offense not so charged.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Oscar Jones was convicted of murder, and he appeals. Affirmed.

F. S. Craig, of Mansfield, for appellant.

A. V. Coco, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (Thomas W. Robertson, of New Orleans, of counsel), for the State.

MONROE, C. J. This is an appeal, from a conviction and sentence under an indictment for murder, in which the appellant makes no appearance either in person or by counsel.

The transcript discloses two bills of exception, reserved to the admission of testimony over defendant's objections, and, as they involve about the same question of law, they will be considered together. According to the statements per curiam, Rufus Johnson was allowed to testify that defendant came to his house and asked him if he had accused him (defendant) of stealing "Ma Patience's" gun; that, when he (Johnson) denied having made that accusation, defendant called him a liar and tried to shoot him; that he ran out, and around the corner, of his house; that defendant walked away a short distance, and then turned and shot at him." The statement also contains the following:

"Accused killed one negro about Ma Patience's gun and went directly to Rufus Johnson's house, 100 yards away, and asked him about the same matter, and shot at Johnson, who ran. * * * Moreover, the accused testified on his own behalf * * * that he intended to kill Rufus Johnson. He said that he went to Johnson's house to kill him if he said that he had seen (Rufus Johnson) with cartridges that would fit a gun the size of Ma Patience's."

Evidently the name Rufus Johnson, in the parenthesis, should precede the word "had," and the pronoun "him" should follow the word "seen," so as to make it read, "if he

said that he (Rufus Johnson) had seen him," etc.

Willie Washington was permitted to testify that, about a week before the homicide, he bought a gun belonging to Ma Patience from defendant.

The statement per curiam as to that ruling is as follows:

"The negro, Oscar Jones, killed deceased because deceased had said he saw accused with a gun. Accused denied that he had seen Ma Patience's gun, and killed deceased because deceased accused defendant of stealing the gun, according to defendant's testimony. There was no effort to prove any crime, or prejudice the jury against accused. The fact is the killing grew out of the circumstance that Ma Patience lost her gun. Defendant himself, on the stand, testified about the matter, without objection, his counsel permitting him to give his reasons for the sale and the inquiry regarding Ma Patience's gun, or pistol, which some one had stolen. Accused himself testified fully regarding said gun and Willie Washington buying same, without objection, the fact appearing that he sold Willie Washington a gun similar to the gun lost by Ma Patience, and defendant permitted no one to mention same without defendant trying to kill the person mentioning same."

The objections to the testimony, made on behalf of defendant, were that the state was attempting to prove the commission by him of offenses other than that for which he is prosecuted. But the testimony objected to was clearly admissible as tending to prove defendant's motive or intent with respect to the offense charged, and the fact that it may incidentally have tended to prove, or have proved, some other offense afforded no reason for its not being permitted to serve the purpose for which, being admissible, it was offered. State v. Benjamin, 7 La. Ann. 48; State v. Munco, 12 La. Ann. 625; State v. Goodwin, 37 La. Ann. 714; State v. Anderson, 45 La. Ann. 652, 12 South. 737; State v. Fontenot, 48 La. Ann. 306, 19 South. 111; State v. Johnson, 111 La. 935, 36 South. 30; 12 Cyc. pp. 408, 410.

The transcript also discloses the fact that, some time after the conviction, and on the day on which sentence was pronounced, defendant's counsel (who had been appointed by the court) filed a motion alleging that he believed defendant to have been insane when the homicide was committed, and praying that the court appoint a commission to inquire into the matter, and that the court made an order naming the members of such a commission; but we have no further information on that subject, and must assume that the proper steps have been or will be taken to make sure that the extreme penalty of the law is not executed upon a person who, by reasons of mental infirmity, may have been incapable of committing the crime for which that penalty is imposed.

Judgment affirmed.