(101 South. 209)

No. 26684.

### STATE v. SMITH et al.

(June 28, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟨⟩371(6)—Other theft admissible to show intent.**

In prosecution for breaking and entering dwelling house with intent to steal, evidence was admissible to show that defendant, at time of arrest, had in possession property of some person residing near scene of alleged burglary, to show intent.

2. **Criminal law ⟨⟩519(1)—Confession held admissible.**

Confession, made some time after alleged threats, violence, and ill treatment, to one who had no connection therewith, was admissible.

3. **Criminal law ⟨⟩518(1)—Accused need not be warned that statements may be used against him.**

Accused need not be warned that his statements may be used against him.

4. **Criminal law ⟨⟩1144(12)—Presumed that trial judge instructed jury that confession was not evidence against codefendant.**

In prosecution of several for burglary, where confession of one was read in evidence, it will be presumed that trial judge instructed that it was not evidence against other.

5. **Criminal law ⟨⟩1144(14)—Not assumed that counsel failed to ask for instructions required by interest of client.**

On appeal, it will not be assumed that accused's counsel failed to ask for all such in-

structions and charges as interest of client demanded.

**6. Criminal law ⊚⇒927(1)—Separation of jury held not to require new trial.**

Where separation of jurors was momentary and accidental, due to slamming of door, and afforded no chance for communication with any outsider, or was in sight of a deputy, new trial was not required.

**7. Criminal law ⊚⇒912—Accused is entitled to only one motion for new trial as matter of right.**

Accused is entitled as matter of right to only one motion for new trial, and is not entitled after appeal to a second motion based on newly discovered evidence.

O'Niell, C. J., dissenting in part.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Jerome Smith and another were convicted of breaking and entering a dwelling house in the nighttime with intent to steal, and the former appeals. Affirmed.

Grigsby & Parker, of Monroe, for appellant.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. Jerome Smith and Ike Watson were convicted of breaking and entering a dwelling house in the nighttime with intent to steal. Smith alone appeals. He brings up four bills of exception, as follows:

### Bill of Exception No. 1.

[1] He complains: That the trial judge allowed evidence to go to the jury showing that at the time of their arrest defendants had in their possession a package of butter and eggs apparently the property of some person residing near the scene of the alleged burglary; that they were not on trial for stealing said butter and eggs, and said testimony had no bearing on their guilt or innocence of the offense for which they were being tried.

In State v. Patza, 3 La. Ann. 512, this court said:

"The *general rule* is * * * that no evidence can be given of other felonies committed by the prisoner than that charged in the indictment. To this rule, however, *there are exceptions*, one of which is when it becomes material *to show the intent* with which the act charged was done. Evidence may then be given of a distinct offense, not laid in the indictment"—citing 2 Russ. on Crimes, pp. 694, 698. (Italics ours.)

In State v. Mulholland, 16 La. Ann. 376, the court said:

"Although the rule is that evidence of the commission of a felony distinct from the one charged in the indictment, is inadmissible, yet *an exception lies* when the purpose is *to prove* that the prisoner was actuated by malice"—citing State v. Patza, 3 La. Ann. 512; State v. Rohfrischt, 12 La. Ann. 382. (Italics ours.)

In State v. Vines et al., 34 La. Ann. 1079, the court said:

"Proof of a different crime from the one charged, though generally objectionable, is admissible * * * when such proof is *pertinent and* necessary to show intent"—citing State v. Mulholland, 16 La. Ann. 377; State v. Patza, 3 La. Ann. 512; State v. Rohfrischt, 12 La. Ann. 382; Wharton's Cr. Ev. § 262 et seq. (Italics ours.)

In State v. Charles Johnson (two cases), 38 La. Ann. 686, 688, the court, *without citing any authority whatever and wholly ignoring the three decisions above quoted*, held that the state was not entitled to show, in support of *one* charge of burglary accompanied by larceny, *another* (confessed) burglary also accompanied by larceny, at about the same time *even for the purpose of showing intent*. This case has been cited several times in support of *the general rule* that evidence of one offense is not admissible in a trial for another; but, as far as we can find, it has never been followed when the purpose of such evidence was *to prove intent*. See State v. Bates, 46 La. Ann. 850, 854, 15 South. 204; State v. High, 116 La. 79, 40

South. 538; State v. Holland, 120 La. 429, 45 South. 380, 14 Ann. Cas. 692.

On the other hand, in State v. Williams, 111 La. 179, 35 South. 505, this court said:

"Whilst, as a general rule, a distinct crime, unconnected with the one charged in the indictment, cannot be given in evidence, exceptions to this rule arise when it becomes necessary to rebut the possible inference of accident, or to prove the intent with which the act charged was committed"—citing A. & E. Encyc. of Law, vol. 11, p. 513; State v. Patza, 3 La. Ann. 513; State v. Rohfrischt, 12 La. Ann. 382; State v. Mulholland, 16 La. Ann. 377; State v. Thomas, 30 La. Ann. 600; State v. Porter, 45 La. Ann. 664, 12 South. 832.

In State v. Lemuel Johnson et al., 111 La. 935, 36 South. 30, it was held that:

"A distinct offense may also be proved, if necessary or pertinent, as showing intent in the matter of the crime charged"—citing State v. Vines, 34 La. Ann. 1079; Whart. Cr. Ev. 262 et seq.; Bish. Cr. Ev. § 1126.

This rule has since been followed uniformly. See State v. Robinson, 112 La. 939, 36 South. 811; State v. Savant, 115 La. 226, 38 South. 974; State v. Jones, 145 La. 339, 82 South. 362.

In State v. Morgan et al., 129 La. 154, 55 South. 747, evidence was admitted of other burglaries committed about the same time as the burglary for which the defendant was being tried; and the court quoted the extract above given from State v. Williams, 111 La. 179, 35 South. 505.

We think these cases state the law correctly; and we adhere to them. The evidence was properly admitted for the purpose of showing the intent with which defendants broke and entered the dwelling; also for the purpose of showing their presence in the neighborhood about the time the burglary was committed. State v. Lemuel Johnson et al., 111 La. 935, 36 South. 30.

### Bill of Exception No. 2.

[2, 3] Appellant complains of the admission in evidence of a *confession* made by his codefendant Ike Watson, on the ground that same was not voluntary but induced by violence, threats, and other ill treatment; that said Watson was not *cautioned* beforehand that said confession could be used against him.

The trial judge says that the confession was made some time after the alleged threats, violence, and ill treatment, and to one who had no connection whatever therewith; that before admitting the confession he was satisfied that it was freely and voluntarily given. The confession was clearly admissible (State v. Rini, 151 La. 163, 170, 91 South. 664); and we know of no law in this state which requires that an accused be *warned* that his statements may be used against him.

[4, 5] But in any event, the presumption is that the trial judge instructed the jury that such confession was not evidence against *this appellant*, or would have done so, if requested thereto by his counsel; and we will not assume that the able counsel for appellant failed to ask for all such instructions and charges as the interest of their client demanded.

### Bill of Exception No. 3.

[6] Appellant complains that the jury was allowed to separate after receiving the judge's charge, and when about to retire for the purpose of considering their verdict. The evidence shows that the separation was momentary and accidental and afforded not the least chance for any member of the jury to communicate with any outsider; the facts being that, as the jury was filing out of court in charge of two deputy sheriffs, part of them passed into the corridor accompanied by one deputy, and part of them stopped in the courtroom to get water, in full sight of the other deputy and of the judge. Meanwhile the door of the courtroom slammed shut, thus separating the jury for a moment. The door was reopened at once, and the jury

again brought together, to wit, in the time that it took one juror to answer a slight call of nature in sight of a deputy.

In State v. Gunn, 147 La. 373, 386, 85 South. 44, 49, this court approved the doctrine announced on ample authority, in State v. Craighead, 114 La. 90, 38 South. 28, that:

"Where it affirmatively appears that no prejudice to the accused can have resulted, the mere separation of the jury is an insufficient cause for setting aside the verdict."

### Bill of Exception No. 4.

[7] After a motion for a new trial had been heard and overruled, after sentence had been imposed, and *after defendant had appealed*, he moved the trial court to reconsider its ruling refusing him a new trial, and set up in support thereof alleged newly discovered evidence.

It is manifest that there must be a limit to the number of applications for a new trial which an accused may make; otherwise there is no reason why he should ever suffer the penalty of the law, hence:

"In the absence of statute permitting successive applications, defendant is, as a general rule, entitled to make only one motion for a new trial. If his motion is denied, his right to move is exhausted." 16 Corpus Juris. 1120.

In State v. Smith, 46 La. Ann. 1433, 16 South. 37, this court held that a motion for a new trial should be made *before sentence* is pronounced, and may not even be *filed* if made afterwards. Still less can such a motion be made (even though termed *supplemental*) after an appeal has been taken. State v. Offutt, 38 La. Ann. 364.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents from the ruling on bill No. 1.