*907
 
 BRUNOT, J.
 

 The accused was prosecuted under section 833, R. S. The information contained two counts. The first count charged forgery; the second, uttering as true a forged document. The trial resulted in the conviction of the accused under the second count. From this verdict, and a sentence of not less than one nor more than two years in the state penitentiary, he appealed.
 

 Preliminary to the trial there were two motions for continuance, and during the trial-five objections to rulings of the court were noted. The minutes show the reservation of a bill to each ruling, but only five bills were submitted for approval and signature.
 

 We find no merit in bills 1, 2, and 3, reserved to the overruling of the two motions for continuance, and to the overruling of an objection to the testimony of L. B. Aldridge, .and we therefore dismiss consideration of these bills without further comment.
 

 Our consideration of bill No. 4 convinces us that the court erred in overruling defendant’s objection to the testimony elicited by the district attorney from Mrs. Minnie Miller, while on cross-examination, and, as this ruling was urged in the motion for a new trial as one of the grounds why the verdict was contrary to the law, the overruling of that motion was also erroneous.
 

 Mrs. Miller was a witness for the defendant. Her testimony tended to establish an alibi. She had accounted for the whereabouts and acts of the defendant during the day on which the crime is alleged to have been committed, except for about 30 minutes, and another witness had previously testified that defendant was in his presence, some distance from the place of business of the prosecuting witness, during that time. Mrs. Miller was then tendered for cross-examination, whereupon the district attorney, over the objection of counsel for defendant, was permitted to prove by the witness that, subsequent to the date of the offense alleged in the information, the defendant was charged with the commission of a similar offense in T.vlertown, state of Mississippi. The district attorney announced that the testimony was offered for the purpose of testing the credibility of the witness, and the court admitted it for that purpose. There is no showing that there was any connection whatever between the two alleged offenses. When this situation is presented the rule is that:
 

 “Evidence of a similar offense, committed in a different parish, is inadmissible, when subsequent in date, and not shown to be connected with the prior offense.” State v. Williams, 35 So. 505, 111 La. 179; State v. Johnson, 36 So. 30, 111 La. 935; State v. Oden, 58 So. 351, 130 La. 598.
 

 In State v. Williams, one of the cases we have just cited, the court recognizes two exceptions to the foregoing rule. These exceptions arise when evidence of a similar but disconnected crime becomes necessary to rebut the inference of
 
 accident
 
 or to prove the
 
 intent
 
 with which the act charged was committed. Proof of system is not in reality an exception
 
 to
 
 the rule, because such proof negatives accident and evidences intent. Evidence of acts indicative of malice and motive are admissible for a kindred reason, but the courts have never held that testimony of this character, which certainly tends to, if it does not actually, prejudice the minds of a lay jury against the accused, is admissible for the purpose or under the pretext of. testing the credibility of a witness. In State v. Bates, 15 So. 204, 46 La. Ann. 849, this court said:
 

 “It is a rule subject to special exceptions that when a person is on trial for one offense evidence of another and extraneous crime is inadmissible. Such evidence is dangerous and calculated to lead to convictions upon a particular .charge made by proof of other acts in no way connected with it, and to uniting evidence of several offenses in order to produce conviction for a single one.”
 

 For the reasons assigned, we think the trial judge erred in overruling the objection of counsel for defendant, which is made the basis of the fourth bill of exception; and,
 
 *909
 
 because of that error, the overruling of the motion for a new trial was also erroneous. The judgment and sentence are therefore avoided, and the case is remanded, to be proceeded with according to law.