(116 So. 374)

No. 29051.

**STATE v. NORPHLIS.**

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤⟾1124(2)—Bill to overruling motion for new trial, founded on allegation that verdict was contrary to law and evidence, held not to present question of law.**

Bill of exception reserved to overruling of motion for new trial, which was founded upon allegation that verdict was contrary to law and evidence, *held* not to present question of law for decision by reviewing court.

2. **Criminal law ⬤⟾380—Even if general reputation has been put at issue, proving of another specific crime is not admissible to prove general reputation.**

Even if general reputation or character has been put at issue, proof of another and specific crime is not admissible to prove general bad character or reputation of defendant.

3. **Criminal law ⬤⟾369(1)—General rule is that evidence tending to prove defendant committed crime other than that charged is not admissible.**

General rule is that evidence tending to prove that defendant committed another crime than that charged in indictment or bill of information is not admissible.

4. **Criminal law ⬤⟾371(1)—Proof of commission of other crimes is admissible to show crime charged was not done accidentally, when intent is in issue.**

Proof of commission of other crimes is admissible to show that act which constituted crime charged in indictment was not done accidentally or by mistake, but with guilty knowledge or evil motive or intent, when that question is at issue or in doubt.

5. **Criminal law ⬤⟾372(1)—Evidence of other crimes is admissible when it shows system of wrongdoing.**

Evidence of other crimes is admissible when it shows system of wrongdoing, as in cases of forgery, embezzlement, making false entries in books, etc.

6. **Criminal law ⬤⟾369(5)—In prosecution for larceny of a dress, admission of evidence tending to prove theft of another dress held error.**

In prosecution for larceny of a dress and several pairs of silk hose, admission of evidence tending to prove that accused had stolen other articles, namely, another dress, two pairs of silk underwear, and some silk stockings, *held* error.

7. **Criminal law ⬤⟾627½—Where evidence tending to show theft of another dress was introduced, refusal to order its production in court held not error, it being uncertain whether it could be produced.**

In prosecution for larceny of dress and several pairs of silk hose, where evidence tending to show theft of another dress was admitted, and accused requested that dress be produced in court, *held* that refusal to order production was not error, where it was uncertain that dress could be produced because of having been sold.

Thompson, J., dissenting in part.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Bell Norphlis was convicted of larceny of a dress, and she appeals. Verdict and sentence annulled, and case remanded for a new trial.

J. W. Elder, of Farmerville, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The appellant was prosecuted under a bill of information charging that she had stolen from Mrs. Jettie Timon a dress worth $32 and several pairs of silk hose worth $10. She was convicted of larceny of the dress only, and sentenced to imprisonment in the penitentiary at hard labor for a term not less than 11 or more than 18 months. The record contains five bills of exception.

[1] Bill No. 1 was reserved to the overruling of a motion for a new trial. The motion

was founded upon the allegation merely that the verdict was contrary to the law and the evidence. The bill of exceptions therefore does not tender a question of law for decision.

Bill No. 2 was reserved to the overruling of a motion in arrest of judgment. The motion was founded upon the contention that the bill of information did not specifically charge that a crime was committed. The allegations of the bill of information were in due form. There was therefore no merit in the motion in arrest of judgment.

Bills No. 3 and No. 5 were reserved to the overruling of objections to the introduction of evidence tending to prove that the defendant had stolen other articles, namely, a dress marked $29.50, two pairs of underwear, and some silk stockings. It is stated in the bill of exceptions, and is admitted in the statement by the judge, that when the objection was made by the defendant's attorney, the district attorney explained to the court and the jury that he was confining his proof to the charge that the defendant had stolen the $32 dress in the store of Mrs. Timon, the dress having been found in the defendant's possession and taken from her by a saleslady in the store. The testimony attached to the bills of exception shows that, some time after the $32 dress was taken from the defendant by the saleslady in Mrs. Timon's store, the saleslady and the town marshal went to the defendant's residence and searched the premises, and there, in a room rented and occupied by a woman named Adella Arrington, the saleslady and the marshal found another dress, marked $29.50, and two pairs of underwear, all of which belonged to Mrs. Timon, and some silk stockings which did not belong to her. Adella Arrington claimed the articles. She was prosecuted for larceny of the $29.50 dress and was convicted and sentenced to imprisonment. Her case, however, is not before us. The question here

is whether, in the prosecution of the defendant, Bell Norphlis, on the charge of having stolen the $32 dress in the store of Mrs. Timon, it was permissible for the prosecuting attorney to introduce evidence tending to prove that another crime was committed by the defendant, by showing that the other dress, marked $29.50, and the two pairs of underwear, formerly belonging to Mrs. Timon, were found in the defendant's residence.

[2] It must be borne in mind that the general reputation or character of the defendant was not an issue in the case; and, even if her general reputation or character had been put at issue, proof of another and specific crime would not have been admissible to prove the general bad character or reputation of the defendant. It appears that the judge allowed the evidence to be introduced mainly, if not only, for that purpose. The statement per curiam is as follows:

"The evidence was offered, not for the purpose of proving other offenses and convicting the accused of such other offenses, but for the purpose of showing the thievish, shoplifting habit and course of conduct of the accused, and it was so stated by the district attorney at the time of offering the testimony, and was so explained to the jury. The witness was a saleslady for Mrs. Timon, the merchant from whom the goods were stolen, and knew what had been stolen from her employer, and was able to identify the goods so stolen, as stated by her, and hence it could not be said to be opinion evidence. For the purpose [for which] the testimony was offered, and after a full explanation to the jury that it could only be considered for the purpose of showing habit and course of conduct, and not for the purpose of convicting her of anything else than the larceny of one dress and several pairs of silk stockings, as alleged in the bill of information, I considered it to be admissible, and allowed the testimony to go to the jury."

The statement of the district attorney and the judge that the evidence tending to prove that the defendant had committed another theft than the theft charged was not offered for the purpose of convicting the defendant of

the other offense—either of having stolen other property or of being in possession of the other stolen property—is entirely beside the question, because no one, we dare say, would contend for a moment that the defendant was subject to conviction for any other crime than the crime which she was accused of, and as to which alone she was called upon to defend herself.

[3] The general and universal rule is that evidence tending to prove that the defendant committed another crime than that charged in the indictment or bill of information is not admissible. Marr's Criminal Jurisprudence, 678, No. 406, citing State v. Johnson, 38 La. Ann. 686; State v. Bates, 46 La. Ann. 850, 15 So. 204; State v. Cavanaugh, 52 La. Ann. 1251, 27 So. 704; State v. Williams, 111 La. 179, 35 So. 505; State v. Smith, 156 La. 818, 101 So. 209; Rice on Evidence, vol. 3, c. 25, § 153, and especially regarding larceny, chapter 42, § 453; 16 C. J. p. 574, No. 1115, p. 586, No. 1132, No. 1133, No. 1134; 8 R. C. L. p. 198, No. 194.

"While there are several well-recognized exceptions to the rule excluding evidence of other offenses—and these exceptions are founded on as much wisdom and justice as the rule itself— the rule should be strictly enforced, and should not be departed from except under conditions which clearly justify such a departure." 16 C. J. p. 587, par. 1133.

[4, 5] One of the exceptions to the general rule is that proof of the commission of other crimes is admissible to show that the act which constituted the crime charged in the indictment was not done accidentally or by mistake, but with a guilty knowledge or evil motive or intent, when that question is at issue or in doubt. There was, of course, no such issue in this case, as there seldom is in the case of larceny. Another exception to the general rule is that evidence of other crimes is admissible when it shows a system of wrongdoing, as in cases of forgery, em-

165 La.—29

bezzlement, making false entries in books, etc. There is, of course, no such thing as proving system in a case like this, on an accusation of an isolated instance of larceny.

This court has had occasion to pass upon the identical question that is now presented, in a case that was strangely similar. State v. Bates, 46 La. Ann. 849, 15 So. 204. The defendant was convicted of the larceny of a number of billiard balls or pool balls, belonging to one M. Schultz, in the pool room of Schultz. The verdict was set aside and a new trial granted because the judge, over the defendant's objection, allowed the state to introduce evidence tending to show that the defendant stole other pool balls "within a few days of the larceny charged, * * * to prove system and intent." The facts of the case, and the issue which was tendered, are set forth in the judge's statement at the foot of the bill of exceptions (46 La. Ann. 852, 15 So. 205), viz.:

"Bates was tried alone, his codefendant, Ramps, having escaped. The following facts were established: That the prisoner, accompanied by his codefendant, entered the billiard room of the prosecuting witness, M. Schultz, and they were seen leaning against a billiard table upon which a set of 15 pool balls was lying; that after remaining there a while they took their departure together. Immediately thereafter two balls were missed from the table against which the defendants had leaned, and the proprietor, suspecting them of the theft, pursued and came in sight of the men several squares from his saloon. Ramps fled, while Bates was caught. Three pool balls were found in his possession, two of which were identified as belonging to the prosecuting witness, and the other unaccounted for and belonging to a different set. Bates' explanation was that the balls were given to him by Ramps and that he knew nothing of their theft. The state then offered to prove the larceny of other pool balls by this same defendant under similar circumstances and within a few days of the larceny charged in this information, to prove system and intent. The evidence was admitted for those purposes. The jury was specially charged that no man should be found guilty of an of-

fense charged against him by proof of his having committed another offense of the same nature; that if they found beyond a reasonable doubt that a larceny of other pool balls other than those charged in this information had been committed by the prisoner at the bar, that such evidence must be confined strictly to the question of 'intent.' This charge was given at the time the evidence objected to was admitted, and afterward in the general charge with explanations to make the principle clear."

In deciding the case, Chief Justice Nicholls, for the court, said:

"The general rule is that, when a man is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and that other offenses committed by him are wholly excluded; therefore, the introduction of collateral evidence of extraneous crimes to show intent motive, guilty knowledge, are exceptions to this general rule, and in order that this evidence be admissible at all it must bear directly and materially upon and have some connection with the issue before the jury. People v. Sharp, 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851; Hudson v. State, 3 Cold. (Tenn.) 355; English v. State, 29 Tex. App. 174, 15 S. W. 649; Commonwealth v. Jackson, 132 Mass. 16, and authorities cited therein.

"There is no doubt that, for certain purposes and under certain circumstances, evidence is admissible of the perpetration by the defendant of a crime other than the one with which he is charged. The general rule, however, is against the introduction of such evidence and the exceptional circumstances, which justify a departure from the rule, should be clear and very convincing. This statement of the proposition shows that each case must, to a great extent, be passed upon in view of its own special facts. The subject is treated of at length in Rice on Evidence, vol. 3, c. 25, §§ 153 et seq., and especially as to larceny in chapter 42, § 453. The author, in section 157, says:

" 'It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another.' And in section 153 he says: 'The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is

calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to conviction upon the particular charge made by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one.' "

In passing upon an application for a rehearing in the case, the court said:

"The Attorney General and the district attorney for the parish of Orleans have filed an elaborated brief for a rehearing in this case.

"The evidence as to the larceny of other pool or billiard balls was intended to prove that the defendant had a tendency to steal pool or billiard balls, and, as the brief says, to remove any doubt of his having committed the offense charged. It is stated in the brief, that without this evidence no jury would convict the defendant. Mr. Wharton says:

" 'It would be in entire variance with the usual view of the common law if a man's having been guilty of other offenses, or having a tendency to commit them, should be received as evidence to rebut the presumption of his innocence of a particular charge.' Wharton's American Criminal Law, § 640.

"The only exception to this general rule that we are aware of prevails in the case of forgery, where the prosecutor is allowed to produce evidence of other instances of his having committed the same offense for which he is indicted.

"There is a fundamental distinction between acts which may be proved to show malice or scienter, and the fact that the defendant had a tendency to commit the particular crime charged.

"When the scienter or quo animo is requisite to, and constitutes an essential part of the crime with which the person is charged; and proof of such guilty knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question, testimony of such acts, conduct or declarations of the accused on trial, to establish such knowledge or intent, is competent; notwithstanding they may constitute in law a distinct crime. Id., § 649. And where several felonies are so connected together as to form an entire transaction, upon an indictment, for the one the other may be proved to show the character of the transaction.

"The offense charged against the defendant had no connection or relation with the other offense. They were entirely distinct and sep-

arate acts, and the first could not explain the character of the second. Rehearing refused."

State v. Bates has been cited often with approval and has never been overruled or disapproved. It was cited with approval in a very recent decision, State v. Smith, 156 La. 818, 101 So. 209; in which case the court held that proof of larceny, although it was of itself a distinct crime, was admissible in a prosecution for breaking and entering with intent to steal, because breaking and entering does not constitute the crime of burglary unless it is done with intent to commit larceny or some other crime.

[6] To maintain that, in a prosecution for larceny of a particular article, it is permissible for the state, in order to prove a system or an intent or a tendency on the part of the defendant to commit the crime of larceny, may introduce evidence tending to prove that the defendant stole some other article, perhaps at some other time, would virtually abrogate the general and universal rule against the admissibility of such evidence. Our conclusion is that the bills of exception No. 3 and No. 5 are well founded, and that the defendant is entitled to a new trial.

[7] Bill No. 4 was reserved to a ruling of the judge, refusing to compel the saleslady, whom we have referred to, to produce the $29.50 dress in court, in order that the defendant might show that it was claimed by Adella Arrington as a gift from another woman. The saleslady had taken possession of the dress, and her employer had sold it, and it was therefore uncertain that the witness could produce the dress. There was no error in the judge's refusal to order the witness to produce it.

For the reasons stated in the discussion of bills No. 3 and No. 5,

The verdict and sentence are annulled, and the case is ordered remanded for a new trial.

THOMPSON, J., dissents from the ruling on bills 3 and 5.