171 So. 433

STATE v. BROWN.
No. 34116.

Nov. 30, 1936.

John G. Gibbs, of Natchitoches, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and H. L. Hughes, Sp. Asst. to Atty. Gen., for the State.

ODOM, Justice.

Defendant has appealed from a conviction and sentence to hard labor for cow stealing. We find in the record eight bills of exception. We find it necessary to notice only two of them.

Bill of exception No. 3 presents the question whether the State in a prosecution for cow stealing may prove that the defendant had been previously prosecuted and convicted of like crimes.

The facts in connection with this particular bill are stated by the district judge in his per curiam as follows:

"Deputy Sheriff Black before taking the stand handed the District Attorney two indictments under which defendant was convicted for cattle stealing in the year 1928 and for which defendant served time in the State Penitentiary. The Deputy Sheriff was asked had the defendant been convicted before, and he replied 'Yes, twice for cow stealing.' "

Counsel for defendant objected to this testimony on the ground that it was irrelevant and highly prejudicial to the rights of the accused. The trial judge overruled the objection and permitted the testimony to go to the jury, his reason being, to quote from his per curiam, "that the object is to show that the pending accusation is not the first against the accused and not to show the truth or falsity of such charge."

It is not contended nor can it be inferred that the crimes for which defendant had been previously convicted had any connection with that for which he was then being prosecuted.

As far back as 1848 this court stated that the general rule was that "no evidence can be given of other felonies committed by the prisoner than that charged in the indictment." State v. Patza, 3 La.Ann. 512.

Nearly fifty years later this court said in State v. Bates and Ramp, 46 La.Ann. 849, 15 So. 204, 205: "The general rule is that, when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that other offenses committed by him are wholly excluded."

Between the date on which the first of the above cases was decided and the date of the other one, there are cases too numerous to mention in which the court adhered to that general rule. If the court has ever in any case departed from it, we have no knowledge of it. As late as 1928 in the case of State v. Ward et al., 166 La. 806, 118 So. 26, 27, we quoted and approved

the general rule as stated in State v. Bates, supra. To the same effect are the cases of State v. Ard, 160 La. 906, 107 So. 617; and State v. Norphlis, 165 La. 893, 116 So. 374.

In the early case of State v. Patza, supra, the court recognized that to the general rule there are certain exceptions, one of which is that such testimony is admissible when it becomes material to show the intent with which the act charged was done. Numerous other cases might be cited to the same effect. In State v. Ward, supra, the court quoted approvingly the following extract from the opinion in State v. Williams, 111 La. 179, 35 So. 505:

"Whilst, as a general rule, a distinct crime, unconnected with the one charged in the indictment, cannot be given in evidence, exceptions to that rule arise when it becomes necessary to rebut the possible inference of accident, or to prove the intent with which the act charged was committed."

In other cases another exception was recognized, to the effect that such testimony is admissible to prove a system of wrongdoing, as in cases of forgery, embezzlement, the making of false entries in books, etc. State v. Norphlis, supra. In State v. Smith et al., 156 La. 818, 101 So. 209, the court recognized the general rule stated in the Patza Case, supra, and cited numerous cases recognizing that rule as well as the exceptions thereto.

In the case at bar the general rule is applicable. None of the exceptions can be applied. The testimony that the defendant had been convicted of cow stealing was, according to the per curiam of the district judge, offered for the sole purpose of showing that he had been previously convicted of crimes committed four years prior to the date on which the crime for which he was then being prosecuted was committed.

In support of his ruling the judge cited the case of State v. Quinn, 131 La. 490, 59 So. 913. The ruling in that case was unquestionably correct, but it has no application here. There the defendant took the stand as a witness in his own behalf and on cross-examination was asked if he had not been arrested and convicted of other crimes. The objection was made that such testimony was inadmissible. The court ruled otherwise on the ground that when a defendant makes himself a witness his testimony may be impeached like that of any other witness by inquiring of him concerning his past record.

In the recent case of State v. Florane, 179 La. 453, 154 So. 417, 419, we said:

"The character of an accused person cannot be attacked by the state unless he puts his character in evidence and thereby opens the door. But, when he takes the stand for himself, he becomes a witness, and his credibility as such is open to attack, and, for the purpose of impeaching his credibility, he may be compelled, on cross-examination, to reveal his record concerning indictments and arrests."

In support of this ruling we cited a long list of cases.

The rule stated in the Florane Case and those cases cited in support of it is precisely the same as that embodied in article 495 of the Code of Criminal Procedure, which reads in part as follows:

"Provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times."

In the present case the testimony was not offered to impeach the defendant as a witness. In fact, he did not take the stand at all. The defendant in this case was not being tried as a second or third offender under Act No. 15 of 1928, which is an act relating to second and subsequent offenders and their sentence and resentence, etc.

The ruling of the court permitting the introduction of such testimony under the circumstances is fatal to the conviction.

The only other bill which we deem it necessary to discuss is that relating to the plea of prescription filed by the defendant.

The indictment was returned by a grand jury in 1936. It sets out that on the 1st day of October, 1932, the defendant did feloniously steal one cow, the property of S. Sibley. The alleged crime, having been committed four years prior to the date on which the indictment was returned, was prescribed. But the indictment further says that "the said Clarence Brown (the defendant) has been a fugitive from justice since the commission of said crime."

Article 8 of the Code of Criminal Procedure, as amended by Act No. 21, Second Extra Session of 1935, fixes the prescriptive period on all offenses except murder, arson, rape, robbery and counterfeiting at one year after the offense shall have been made known to the judge, district attorney, or grand jury having jurisdiction, and provides in the last paragraph that this prescription shall not "apply or extend to an accused person who has absconded, or who is a fugitive from justice." Therefore, on the face of the indictment, the one year prescriptive period fixed by the Code cannot avail the defendant because it is alleged that he was a fugitive from justice from the date on which it is alleged that he committed the crime charged, unless he can prove that as a matter of fact he was not a fugitive from justice.

Defendant pleaded prescription, but the plea was not filed in limine. It was filed, according to the language of the plea, after the State had rested its case. Immediately after the plea was filed counsel for defendant asked the court to withdraw the case from the jury in so far as the plea of prescription was concerned, to hear testimony in support of it and to pass then upon the plea. The judge refused the request and the defendant reserved a bill.

The ruling of the judge was correct. When a defendant files a plea of prescription before going to trial, the judge must hear testimony in support of the plea if the defendant insists upon it, and

must dispose of the plea. State v. Hayes, 162 La. 917, 111 So. 327. The reason is that article 8 of the Code of Criminal Procedure provides that no person shall be prosecuted, tried, or punished for an offense unless the indictment or information is presented within the time therein prescribed. If the crime is prescribed the defendant cannot be tried, and it is therefore necessary for the judge to pass upon the plea of prescription before trial, when filed in time. The failure of a defendant who wishes to avail himself of the plea of prescription to file the same before trial and to insist upon a ruling thereon is equivalent to a waiver of the right accorded him. Where he files the plea after the trial has begun he has no right to have the case withdrawn from the jury and the plea of prescription referred to the judge. State v. Posey, 157 La. 55, 101 So. 869.

While we think the ruling of the trial judge on this particular point was correct, yet we find it necessary to set aside the conviction and sentence on another ground. The defendant may yet urge his plea of prescription, but the burden will be upon him to prove the accruing of prescription. The last paragraph of article 9 of the Code of Criminal Procedure reads as follows: "provided, further, that the burden of proving the accruing of the prescription herein established shall in all cases rest upon the person alleging the same."

For the reasons assigned the conviction and sentence are set aside, and the case is remanded for a new trial.