SOMMERVILLE, J.
The three defendants were jointly charged with breaking and entering in the nighttime, etc., and grand larceny. There was a severance applied for by and granted to Robert C. Groesinger. He was tried, and convicted on the second count, for grand larceny; and he appeals from the verdict and sentence.
Bill of exceptions No. 1 is taken to the ruling of the court in admitting testimony going to show that certain paste diamonds exhibited on the trial had been found on the accused at the time of his arrest. Defendant claims that these stones had not been identified as the property of the person from whom they had been stolen. The judge a quo makes a contrary statement, and he is sustained by the testimony of the owner of the jewelry, which is found in the record.
Bills of exceptions Nos. 2, 3, and 4 are taken to questions propounded by the assistant district attorney to Clarence Russell and John Edward Morgan, two of the parties charged in the same indictment with defendant, and who had been called as witnesses by Groesinger. The questions were concerning other burglaries committed by them, Russell and Morgan, about the same time as the burglary for which defendant was being tried. The examination was clearly competent as an attack upon the credibility of the witnesses; and also to show system and intent.
Russell and Morgan had both testified on direct examination that they had committed the larceny for which defendant was being tried, and they both testified that defendant was innocent thereof. The testimony in the record also showed that the two witnesses and defendant were friends, occupying the same room and bed, where some of the stolen jewelry had been found; that they, each one, had some of the jewelry on his person at the time of his arrest; and that they were arrested together at the same time and place, about a mile from their common room. Russell was asked, on cross-examination, concerning a burglary of which he and Morgan had been convicted, and then, “Q. When was this burglary committed?” Objection was made “on the ground that the description of that robbery is not evidence. It is hearsay. He has already stated that he has been sentenced to three years for that.” The testimony was not hearsay. It was a fact peculiarly within the witness’ knowledge. He was asked when he himself had committed a certain burglary. And he answered at the time that he was living in the room with the two other defendants, which was within a few days of the time when the breaking and entering and larceny were alleged to have been committed for which defendant was being tried. He was then asked, “Q. What was done with the property you and Morgan got in that burglary?” which was objected to on the ground “that is going into the other case on which the man has been tried and convicted.” The assistant district attorney had just stated prior to propounding the question that the examination was not to test the credibility of the witness. The witness answered that *157 the property stolen, on that occasion was taken to the common bedroom of the three defendants; and he afterwards answered that he and Morgan had taken the jewelry which defendant was being tried for having stolen to that same room.
We are of the opinion that in view of the conditions of this case, as shown herein, that it was competent to show the system employed by and the intention of the witness and defendant in connection with other burglaries committed at or about the same time as the one under investigation. Such evidence bore directly upon the crime charged by showing the same method and system employed by these two witnesses under similar conditions only a very few days before as were employed by them in connection with the crime under investigation.
The authorities quoted by defendant have no application.
The witness had testified that he and Morgan had committed the crime under investigation and others similar to it at or about the same time; and he was then asked if he took all the stolen goods to his bedroom. This would have been irrelevant perhaps if defendant had not been already connected with the witness and Morgan. “No man,” says Mr. Justice Brewer, “can by multiplying crimes diminish the volume of testimony against him.” Wigmore on Evidence, § 216. The testimony had connected defendant with the witness and Morgan, as stated by the judge in his reasons attached to the fourth bill of exceptions, as follows:
“It is elementary that evidence of the commission of other burglaries is admissible to prove system and intent. The evidence shows that other burglaries had been committed by Clarence Russell and John Morgan during the week, or a few days before the burglary for which the defendant was being tried, and the evidence adduced was in my opinion admissible. Morgan, Russell, and the present defendant were friends. They slept in the same room, and in the same bed, and the jewelry stolen from the De Luce store was found in the room in which all of them lived, and they were all three arrested together before daylight in Canal street.”
“Whatever testimony tends directly to show the defendant guilty of the crime charged is competent, though it also tends to show him guilty of another and distinct offense.” State v. Adams, 20 Kan. 319. “Whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible; and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.” People v. Walters, 98 Cal. 138, 32 Pac. 864; People v. Tucker, 104 Cal. 440, 38 Pac. 195; Austin v. State, 14 Ark. 559. “The general principle is that all facts affording any reasonable inference as to the act charged are relevant and admissible, including facts showing design, motive, knowledge, or the like, where these matters are in issue or relevant.” Wigmore on Evidence, § 216.
We said, in State v. Williams et al., 111 La. 179, 35 South. 505:
“Whilst, as a general rule, a distinct crime, unconnected with the one charged in the indictment cannot be given in evidence, exceptions to this rule arise when it becomes necessary to rebut the possible inference of accident, or to prove the intent with which the act charged was committed.”
A motion for a new trial was filed and overruled, and bill of exceptions reserved. The motion embraced one or two unimportant points not covered in the other bills of exceptions. They are without merit, and they were not urged in oral argument or in the brief for defendant.
The judgment appealed from is affirmed.
PRO VO STY, J., dissents.