[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 496 
Appellant prosecutes this appeal from a conviction and sentence for possessing for sale intoxicating liquor for beverage purposes. He relies for reversal upon four bills of exception.
On motion of appellant, a bill of particulars was ordered. In obedience to this order, the district attorney showed that the liquor consisted of three small bottles of tincture of ginger containing 90 per cent. of alcohol "possessed in the Hub Drug Company, Inc., of which defendant is manager," etc.
The first bill of exception reserved was to the ruling of the court in refusing the request *Page 497 
of counsel for defendant to dismiss the affidavit on the ground that no crime had been committed by defendant.
It is argued on behalf of defendant that the bill of particulars, taken in connection with the affidavit, shows that the liquor was not in the possession of defendant, nor was it his property, but it was the property of, and in the possession of, the Hub Drug Company; and that the possession of tincture of ginger, which is esteemed and used by numerous persons for its medicinal virtues, by a drug store does not constitute a crime, notwithstanding that one of the clerks may have sold a bottle of the concoction during the absence of the manager.
We think it may be safely conceded that the mere possession by a druggist of well known medical preparations containing alcohol does not make him liable under the statute for unlawful possession of intoxicating liquors for beverage purposes. If, however, he sells or deals in such a compound for use as a beverage, since he must first possess it before he can sell or deal in it, he makes himself criminally liable for the illegal possession for sale of intoxicating liquor for beverage purposes. It becomes a question of fact in which the circumstances of each case must determine the intent.
The present prosecution is against the defendant as manager of the Hub Drug Company, Inc., and not against the corporation itself.
Section 1 of Act 39 of 1921 provides that "no person shall * * * possess intoxicating liquors * * * for beverage purposes."
Section 3 of the statute declares:
 "That any person who shall violate the provisions of this act by * * * having in his possession, for sale, * * * intoxicating liquors shall be guilty of a misdemeanor," etc.
In paragraph 1 of section 8 of the act, it is provided that:
 "The word `person' shall mean natural persons, associations, copartnerships, corporations, *Page 498 
and their clerks, officers, agents and servants."
(Writer's italics.)
It will thus appear that, under the express language of the statute itself, artificial, as well as natural persons; agents as well as principals, servants as well as masters, may be equally guilty of violating the statute, and subject to the penalties therein prescribed.
While corporations must necessarily act through their officers, agents, servants, and employees, and may be held for violations of the statute by their said representatives, the officers, agents, servants, and employees themselves may be prosecuted and punished for their own illegal acts.
The affidavit in this case is against defendant as manager of the Hub Drug Company, and is clearly within the language of the statute, the defendant, as manager, being a clerk, officer, agent or servant of said corporation in the sense of paragraph 1 of section 8 of the act. As said manager, he was in control and possession of the intoxicating liquor set forth in the affidavit and bill of particulars. If, in these circumstances, he could not be prosecuted and punished for possessing said liquor for sale for beverage purposes in the drug store, the door would be opened wide to the indiscriminate and unrestricted possession and sale of intoxicating liquors by the simple expedient of organizing corporations to handle the liquor traffic.
Bill of exception No. 2 was reserved to the action of the judge in overruling an objection to the testimony of a witness that, in the absence of defendant, he had purchased the liquor in question from an employee of the drug store. The ground of objection was that the defendant was not charged with selling but with possession, and that it had been previously shown that he was not present when the sale was made. We find no error in the ruling. *Page 499 
Defendant did not deny that the compound that he was charged with having in his possession for sale was kept in the drug store for sale. His only defense was that it was possessed and sold for medicinal, and not for beverage, purposes, and that the possession of the drug store was not possession by him.
The prosecuting witness testified that he had purchased this particular compound for beverage purposes, and that he had on other occasions purchased the same concoction from defendant and drank it in his presence at the soda fountain in the drug store of which defendant was manager. The fact that defendant happened to be absent when this particular sale was made did not affect the admissibility of the testimony for the purpose of showing that the compound was possessed for sale for beverage purposes. The evidence that it was sold for beverage purposes by defendant when present, and by his subordinate in his absence, is the best evidence that it was possessed for such purpose. Where motive, guilty knowledge or criminal intent forms an essential or indispensable part of the inquiry, proof of another offense is admissible. Marr's Criminal Jurisprudence, § 406; State v. Oden, 130 La. 602, 58 So. 351; State v. Morgan, 129 La. 154, 55 So. 747; State v. Williams, 111 La. 179, 35 So. 505.
Bill of exception No. 3 was reserved to the ruling of the judge in admitting in evidence two of the three bottles of ginger purchased, over defendant's objection that the defendant was charged with possessing and not with selling, and that it was not shown that the purchase was made from the defendant; nor that he was present at the time; nor that it was made with his authorization. The ruling was correct.
The judge, in his per curiam, states that the evidence was admitted in order that he might inform himself of the alcoholic content of the Jamaica ginger alleged to have *Page 500 
been possessed for sale for beverage purposes by the defendant, and, because, the proof had shown that the defendant had, on several occasions, sold this concoction for beverage purposes, and that, as manager of the Hub Drug Company, had possessed it on the occasions for which he was being prosecuted.
The subject-matter covered by this bill has been discussed in connection with the preceding bill. We may add, however, that defendant cannot escape responsibility because the unlawful sale was made in his absence if the act was done with his express or implied authority, and in accordance with the custom of doing business in said drug store. A strong inference that the clerk was acting within the scope of his authority is to be deduced from defendant's own conduct and custom of selling this particular compound for beverage purposes.
The fourth and last bill of exception was reserved to the overruling of defendant's motion for a new trial. The ruling was correct. The motion was based on the ground that defendant's conviction and sentence was contrary to the law and the evidence, and otherwise presented the same issues involved in the bills which we have heretofore discussed.
The conviction and sentence appealed from are affirmed.
O'NIELL, C.J., and BRUNOT and LECHE, JJ., dissent, and O'NIELL, C.J., hands down reasons.
ST. PAUL, J., concurs, and files reasons.