(105 So. 451)

No. 27270.

## STATE v. SANDMAN.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊜⟹1158(1) — **Finding of trial judge that liquid is fit for beverage purposes is controlling.**

Finding of trial judge that a liquid is fit for beverage purposes is controlling as against the findings of any federal authority, or any other authority.

2. **Intoxicating liquors** ⊜⟹134—**Druggist not required by state Prohibition Act to have federal permit to sell double strength tincture of ginger.**

Double strength tincture of Jamaica ginger being classified by federal prohibition authorities as unfit for beverage purposes, for the sale of which no permit is required, conviction of druggist under Act No. 39 of 1921, § 1, of possession of such extract for sale for nonbeverage purposes without permit from federal authorities, is unwarranted, notwithstanding finding of fact by trial court that such extract was fit for beverage purposes, within section 8, as amended by Act No. 57 of 1924.

Appeal from Fourth Judicial District Court, Parish of Ouachita; Percy Sandel, Judge.

Percy Sandman was convicted of having intoxicating liquor in possession for sale for nonbeverage purposes without a permit from the proper federal authorities, and he appeals. Reversed, with directions.

Harry H. Russell, of Monroe, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen. (David I. Garrett, Dist. Atty., of Monroe, and E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. Defendant was charged with having in possession for sale, *for nonbeverage purposes, without a permit from the proper federal authorities,* certain intoxicating liquor, to wit, extract of Jamaica gin-ger, a medicated liquid containing more than one-half of 1 per cent. of alcohol by volume, and fit for use for intoxicating beverage purposes.

Defendant is a *druggist;* and the liquid possessed by him was *"tincture of Jamaica ginger, double strength,"* prepared in accordance with the formula prescribed on page 469 of the United States Pharmacopœia, and put up in packages (vials) of 2 fluid ounces each.

It contains 92 per cent. of alcohol, and the trial judge found *as a fact* that it was fit for use for intoxicating beverage purposes.

He also found *as a fact* that defendant had no permit therefor from the proper federal authorities, and accordingly defendant was found guilty, and appeals.

### I.

[1, 2] Section 1 of Act 39 of 1921, p. 43, provides, inter alia, that:

"No person shall manufacture, sell * * * or possess intoxicating liquors * * * for nonbeverage purposes, unless he shall be the holder of a legal permit therefor from proper federal authorities."

And section 8 thereof (as amended by Act 57 of 1924, p. 93) defines intoxicating liquors as including, inter alia:-

"All alcoholic liquids either medicated, proprietary or patented, containing one half of one per centum or more of alcohol by volume, which are fit for use as a beverage or for intoxicating beverage purposes."

### II.

In March, 1924, the Treasury Department of the United States government (bureau of Internal Revenue, Prohibition Unit), which is the proper federal authority in such matters, issued its (latest) Bulletin of Regulations (No. 60) "Relative to Intoxicating Liquor," and sections 810, 811, pp. 82, 83 of those Regulations, provide as follows:

"Sec. 810. *Medicinal preparations.* The U. S. P. (United States Pharmacopœia) and N. F. (National Formulary) preparations named

below are held to be fit for beverage purposes (including *inter alia* tincture of ginger), * * * and may not be sold, * * * possessed or used for beverage purposes, but may be sold, etc. (for nonbeverage purposes) only as specifically authorized in these regulations with respect to *other intoxicating liquors.* * * * [Italics ours.]

"Sec. 811. * * * An alcoholic extract or tincture of ginger made in accordance with the process described on page 469, Ninth Revision, of the U. S. P., will be classed as *unfit for use* for beverage purposes, provided the quantity of ginger root used is as follows: Jamaica ginger No. 30 powder, 400 grams to make 1,000 milliliters. [Italics ours.]

"The sale of *double strength* extract of Jamaica ginger, *last described,* in a quantity greater than 2 fluid ounces at one time to the ultimate consumer, shall be deemed ground for action under the National Prohibition Act (41 Stat. 305) or the Willis-Campbell Act. [Italics ours.]"

From which it will be seen that the "proper federal authorities" class simple tincture of ginger as fit for beverage purposes, and therefore to be sold or possessed only on permits issued in accordance with the aforesaid regulation; whilst, on the other hand, they class *double strength* tincture of ginger as *unfit* for beverage purposes, and hence requiring no permit for the use or possession thereof, although the *sale* of more than 2 fluid ounces at one time to the ultimate consumer will be deemed (in effect) a sale for *beverage purposes.*

### III.

In so far as the trial judge found *as a fact* that *double strength* tincture of ginger is fit for use for beverage purposes, he was acting clearly within his province as the tribunal charged with the finding of facts; and the finding of no federal authority, or other authority whatever, on that subject, is (or can be) of any weight against his finding. For—

"Whether concoctions, tinctures, extracts, essences, etc., in drug store, be or be not fit for use as beverage or for intoxicating beverage purposes, is question of fact which the Supreme Court will not review." Per St. Paul, J., in State v. Stewart, 157 La. 494, 102 So. 584, syllabus 7.

### IV.

On the other hand, the question whether or not defendant has a permit from the proper federal authorities to sell or possess a liquid which those authorities class as *unfit* for beverage purposes, and *therefore* require no special permit in connection with the sale or possession thereof for nonbeverage purposes, is *not* one of fact, but one of *law.*

And in our opinion the classification of a liquid by the proper federal authorities as being *unfit* for beverage purposes, and hence not subject to their regulations, amounts to a general permit to sell and possess such liquid for nonbeverage purposes without further formality.

### V.

In State v. Stewart, supra, this court held (per Rogers, Land, and Thompson, JJ.) that:

"Mere possession by a druggist of well-known medical preparations containing alcohol does not make him liable under Act No. 39 of 1921, §§ 1, 3, for unlawful possession of intoxicating liquors for beverage purposes, but if he sells or deals in such a compound for use as a beverage, he is guilty of illegal possession for sale for beverage purposes." Syllabus No. 1.

This is in accord with the views held by the Supreme Court of Mississippi. See Young v. State, 102 So. 161, 36 A. L. R. 717, wherein that court quotes with approval from the illuminating opinion of the Supreme Court of Kansas, by Mr. Justice Brewer (afterwards Associate Justice of the Supreme Court of United States) in the Intoxicating Liquor Cases, 25 Kan. 751, 762, 37 Am. Rep. 284, and then concludes as follows:

"If it should now be held that Jamaica ginger prepared in accordance with the United States Pharmacopœia is an intoxicating liquor *per se,* it would result in making every person who had manufactured drugs containing enough alcohol to intoxicate a felon. It would make every person who sold it guilty of

selling intoxicating liquors, and it would make every person who had these medicines in his house or possession guilty of a misdemeanor. We cannot believe that the Legislature intended so drastic a situation. The evils intended to be prevented were the evils of intoxication. If a person sells a medicine as a beverage, he may be punished for so doing, but, as long as it is lawful to sell a medicine, it cannot be a crime to have possession of it."

## VI.

As pointed out by Mr. Justice Brewer in the Intoxicating Liquor Cases, supra, there is an infinity of medical, scientific, mechanical, toilet, culinary, and similar preparations, containing a high percentage of alcohol, and even capable of being taken to produce intoxication, and yet not generally so used, or considered fit to be so used. And hence the proper federal authorities require no special permit to sell or possess such preparations, because *they* also consider them *unfit* for beverage purposes.

To hold that one who deals in good faith in such preparations without a special federal permit is guilty of violating the state law would be to give to our prohibition statute a scope which the Legislature never intended, and put it in the power of a prosecuting officer to close every drug store, toilet shop, barber shop, grocery store, etc., which had not provided itself with a federal permit to sell *whisky*, etc., "for nonbeverage purposes." And we are of opinion that the Legislature intended no such results.

In State v. Stewart, supra, this court went to the full extent of the law in holding that it would not, and could not, interfere with a finding of fact by a trial judge that such preparations had been sold *for beverage purposes*, and were *fit for use as a beverage*.

But when the state itself charges that a defendant possesses such preparations for sale *only for nonbeverage purposes*, and the proper federal authorities permit such possession and sale *without further formality*, we cannot hold that our statute intended

none the less that the possessor of such preparations should procure a permit, as though he were dealing in liquors which are admittedly fit, and widely used, for intoxicating purposes.

In other words, we cannot hold that our statute intends that one who means to deal only in such preparations as the federal authorities consider *unfit* for beverage purposes, and therefore require no permit in respect thereof, must nevertheless obtain from said authorities a permit to deal in something other and different, or else find himself violating the law. That would not be common sense, and therefore cannot be sound law.

Our conclusion is that the defendant has violated no law of this state.

### Decree.

The judgment appealed from is therefore reversed and set aside, and it is now ordered that the defendant be discharged.

O'NIELL, C. J. (concurring). The majority opinion in this case seems to be that the double-strength tincture of ginger, which the defendant possessed for sale for nonbeverage purposes, was, as the statute says, "fit for use as a beverage or for intoxicating beverage purposes," but that the defendant was, as the statute says, "the holder of a legal permit therefor from proper federal authorities," and was therefore not guilty of a violation of the statute. The defendant was not guilty of a violation of the statute, but the reason is that, although he was not the holder of a permit to sell the double-strength tincture of ginger which he had in his possession for sale for nonbeverage purposes, it was not fit for use as a beverage or for intoxicating beverage purposes, according to the ruling made by the proper federal authorities.

The question that was propounded to us for decision in this case was a question of

law; otherwise, we would not have had jurisdiction of the case. The question was whether the fitness or unfitness of the drug for use as a beverage was to be determined by the ruling of the so-called proper federal authorities, or was to be determined by the judge, acting as jury, without regard for the federal authorities.

The part of the majority opinion which I object to, particularly, is the expression:

"In so far as the trial judge found *as a fact* that double-strength tincture of ginger was fit for use for beverage purposes, he was acting clearly within his province as the tribunal charged with the finding of facts; and the finding of no federal authority, or other authority whatever, on that subject, is or can be of any weight against his finding."

How can it be said that the ruling or finding of the federal authority on the subject is not and cannot "be of any weight against his [the judge's] finding * * * that double-strength tincture of ginger was fit for use for beverage purposes," when the ruling or finding of the federal authority to the contrary is of so much weight that it has overturned the judge's ruling, and set the defendant free? If the ruling of the federal authority had been that double-strength tincture of ginger was, as our statute says, fit for use as a beverage or for intoxicating beverage purposes, our ruling would be that the defendant's possession of the tincture of ginger, for sale for nonbeverage purposes, was a violation of the statute, merely because he was not the holder of a legal permit therefor from proper federal authorities.

The method of reasoning pursued in the majority opinion in this case is apt to lead to confusion and grave consequences. If we say that it is the province of the district judge to determine, *as a fact*, and without regard for the rulings or classifications made by the federal authorities, whether any particular drug, or medicated or proprietary or patented liquid, is fit for use as a beverage,

and if we say that the rulings or classifications made by the federal authority on the subject cannot "be of any weight against his finding," it must follow that, if the judge's sense of taste rebels against a particular liquid, "either medicated, proprietary, or patented," or if the judge deems the liquid unfit for use as a beverage or for intoxicating beverage purposes, he must hold that it is not a violation of the law for a person to possess such liquid for sale for nonbeverage purposes, without being "the holder of a legal permit from the proper federal authorities," even though the proper federal authorities have ruled that such liquid is fit for use as a beverage, and should not be possessed for sale for nonbeverage purposes without a permit.

The theory of the majority opinion seems to be that the defendant was the holder of a legal permit from the proper federal authorities to possess double-strength tincture of ginger for sale for nonbeverage purposes, because, by classifying double-strength tincture of ginger as being unfit for use as a beverage, the proper federal authorities granted permission to everybody to possess double-strength tincture of ginger for sale for nonbeverage purposes. But the language of the statute—"unless he shall be the holder of a legal permit therefor from proper federal authorities"—does not contemplate that a person may have permission from the federal authorities to possess for sale for nonbeverage purposes intoxicating liquors that are in fact fit for use as a beverage or for intoxicating beverage purposes.

In the indictment against the defendant in this case, it was charged that the tincture of ginger, which the defendant possessed for sale for nonbeverage purposes, was fit for use as a beverage or for intoxicating beverage purposes. Without that allegation, the indictment would not have accused the defendant of a violation of the statute, because,

in precise terms, the statute declares that "alcoholic liquids, either medicated, proprietary or patented, containing one-half of one per centum or more of alcohol by volume," are not within the definition of intoxicating liquors, unless such liquids are those "which are fit for use as a beverage or for intoxicating beverage purposes." The definition of intoxicating liquors of that kind, in the language of section 8 of Act 39 of 1921, as amended by Act 57 of 1924, p. 93, is:

"All alcoholic liquids, either medicated, proprietary or patented, containing one-half of one per centum or more of alcohol by volume, which are fit for use as a beverage or for intoxicating beverage purposes."

In the majority opinion in this case, the court quotes from State v. Stewart, 157 La. 494, 102 So. 584 (syllabus No. 7, by one of the justices), viz.:

"Whether concoctions, tinctures, extracts, essences, etc., in a drug store, be or be not fit for use as a beverage or for intoxicating beverage purposes, is a question of fact which the Supreme Court will not review."

That trite statement may be ever so true, as an abstract proposition, but it is not appropriate to the case before us. I thought it was not appropriate in the case of State v. Stewart, because, in that case, the indictment, on which the defendant was prosecuted and convicted, did not contain the allegation that the tincture of ginger, which Stewart was accused of having in his possession for sale for beverage purposes, was fit for use as a beverage or for intoxicating beverage purposes. The question that was presented to us for decision was whether the indictment was sufficient without that allegation. That question was plainly a question of law. In my humble opinion, therefore, it was a mistake to say, in State v. Stewart, that the question presented for decision was a question of fact, over which the Supreme Court had not jurisdiction. A

reading of the decision as reported leaves no doubt as to what the issue before us was.

My reason for subscribing to the court's decree in this case is that the district judge erred when he took it upon himself to decide, as a matter of fact, and without regard for the ruling or classification made by the proper federal authorities on the subject, whether double-strength tincture of ginger was fit or unfit for use as a beverage or for intoxicating beverage purposes.