### No. 3124

### Second Circuit

---

### GENERAL PRODUCTS COMPANY, INC.
### v. MANN

---

(December 21, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Obligations—Par. 71; Judgment—Par. 42.**

Where the trial court refused to give judgment by default on an account because, although the record did not show that the account was for purchase of liquids in contravention of the National Prohibition Act, it was for the purchase of liquids containing alcohol, the court erred, because, without any evidence, it could not find the liquid fit for and actually sold for beverage purposes.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by General Products Company, Inc., against Dennis Mann.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

J. B. Thornhill, of Columbia, attorney for plaintiff, appellant.

Dennis Mann, in proprio persona.

WEBB, J. The plaintiff, General Products Company, Inc., a corporation organized and doing business under the laws of and with its domicile in the state of Kentucky, filed this action against Dennis Mann, who was conducting a drug store in the parish of Richland, in the District Court of that parish, to recover judgment for an alleged balance due on open account amounting to nine hundred and fifty dollars, with legal interest from judicial demand.

The defendant did not answer, and after a default had been regularly entered, plaintiff, after legal delays, attempted to confirm the default, offering in evidence an itemized statement of the account, duly attested, and submitted the cause, and judgment being rendered rejecting its demands, plaintiff appeals.

The defendant has not appeared in this court, and while plaintiff appeared by counsel on the hearing, it has not cited any authorities in support of its contentions that the judgment was erroneous, and in passing upon the cause we shall confine our discussion to the finding of the court, in which it appears, from an opinion in the record, that the court, from an examination of the account, found that the liquid sold contained more than one-half of one per centum of alcohol, and being convinced that the sale was for beverage purposes and contrary to law, it refused to enforce the sale.

The National Prohibition Act, of date October 28, 1919, prohibits the sale, without a permit, of intoxicating liquors, which liquors are declared to include alcohol, brandy, whiskey, etc., and any spirituous, vinous or fermented liquor, liquids or compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of .one per centum of alcohol by volume which are fit for beverage purposes (Tit. LI, Sec. 2), and it further provides that certain manufactured articles or liquids containing alcohol in greater content than above specified, which are not fit for beverage purposes may be sold without a permit (Tit. IL, Sec. 4).

The position of the court, as we gather from the opinion, is that the liquids sold contained more than one-half of one per centum of alcohol by volume and were intoxicating, and it not being shown that the plaintiff had a permit to sell same, the sale was in direct violation of law; and, further, even though the sale could have been made without a permit, that the liquids, though unfit for beverage purposes, could be used for intoxicating beverage purposes and were sold by the plaintiff to be used for that purpose.

It must, of course be conceded that it would be the duty of the court to refuse to enforce a contract of sale made in violation of law (Miller vs. Ammon, 145 U. S. 421, 36 L. Ed. 759; Adler vs. Zimmerman, 135 N. E. 840), or having for its purpose the direct object to promote the violation of the law (R. C. L., Vol. 23, Sales, p. 1309, No. 125); however, it would require evidence to show the facts, as in the present instance, that the object sold was a liquid containing one-half of one per centum of alcohol by volume, or that it was intoxicating, and the record shows that there was not any such evidence offered but that the court found such facts from a consideration of the account.

The account consists of many items, none of which are above five hundred dollars, and the articles sold are stated thereon to have been "Tincture of Jamaica Ginger, Double Strength," "Tutti Frutti Extract," "Pear Extract," "Cake Flavor" and

"Banana Extract," none of which are specifically named in the statute as intoxicating liquor, or as containing one-half of one per centum or more of alcohol by volume, and the court in finding from an inspection of the account that the liquids contained more than the allowed content of alcohol or that they were intoxicating, exceeded his power.

While it may be said that "Tincture of Jamaica Ginger, Double Strength," under the ruling of certain departments of the government has been declared capable of producing intoxication, the court could not take judicial notice of the ruling; or, if it could, the ruling of the department was also that such liquid was unfit for beverage purposes (see State vs. Sandman, 159 La. 451, 105 So. 451), and could be sold without a permit under the National Prohibition Act, Tit. LI, Sec. 4, and the court could not, without any evidence being introduced, find that a liquid which was unfit for beverage purposes had been in fact sold for such purposes.

The judgment appealed from is therefore reversed, and it is ordered, adjudged and decreed that plaintiff, General Products Company, Inc., have and recover judgment against defendant, Dennis Mann, in the sum of nine hundred and fifty dollars, with legal interest thereon from judicial demand, and all costs of suit.