ROGERS, Justice.
 

 Devi Hicks was found guilty of rape and in conformity with the unqualified' verdict of the jury was sentenced to death.' He has appealed from the verdict and sentence.
 

 Appellant complains of the admission over his objection of evidence to prove the burglary of the home of the nearest neighbor of the prosecuting witness, and to determine the relevancy of the alleged objectionable evidence it is necessary to know the pertinent facts.
 

 The prosecuting witness lives in a remote section of the parish of East Baton Rouge on the bank of the Amite river, which separates the parishes of East Baton Rouge and Divingston. Her home is situated about 200 or 300 yards south of the track of the Baton
 
 *284
 
 Rouge, Hammond & Eastern Railroad, and the only other home in the vicinity is that of Mr. Sidney Verbois, which is situated about 200 or 300 yards north of the railroad track. The crime for which appellant was convicted was committed about 11 o’clock on the morning of November 3, 1933. On the same day, shortly before the rape was committed, the home of Mr. Verbois was burglarized and a number of articles stolen therefrom. Immediately after her release by her assailant, the prosecuting witness ran to the Verbois home. Not finding any one there, she ran to the home of Mr. Oscar Haynes, who lives about three quarters of a mile from where she lived, and gave the alarm. Mr. Haynes accompanied the prosecutrix to her home, and on the floor of the kitchen where the prosecutrix had been seized by her assailant he found a green fountain pen. Shortly after her return home, the prosecutrix’s husband came in, when she informed him of the crime, and he and Mr. Haynes went to the nearest telephone to report the matter to thé sheriff and then-proceeded to the sheriff’s office. During the search which immediately ensued for the perpetrator of the crime, the appellant was arrested by the sheriff of the parish of Livingston at 7 o’clock in the evening of the same day on the highway connecting the cities of Baton Rouge and Hammond. The arrest was made near the village of Corbin in Livingston parish, at a point about eight or nine miles distant from the scene of the crime. When appellant was arrested a number of articles stolen from the Verbois home were found in his possession. Among the articles stolen from the Verbois home were a rifle and a green fountain pen. Appellant sold the rifle to a Mr. Summers, in Livingston parish, a few miles from the scene of the crime, and the green fountain pen was found in the home of the prosecuting witness at about the spot where the rape was committed.
 

 After his arrest appellant was brought to Baton Rouge and placed in jail, where he was questioned about the burglary in the Verbois home. At first he denied that he had committed the burglary. But when he was confronted with Mr. Summers and identified by him as the one from whom he had purchased the rifle, appellant admitted he had broken into the Verbois home and stolen the rifle, fountain pen, and the other articles-found in his possession. Although he was identified by the prosecuting witness, appellant at no time admitted he had committed the crime for which he was tried and convicted herein.
 

 The testimony objected to was offered by the state for the purpose of corroborating the identification' of appellant by the prosecuting witness as the perpetrator of the crime and of showing that he was in the vicinity of her home shortly before the crime was committed. We think the testimony was admissible.
 

 Eor the purpose of identifying the appellant as the perpetrator of the crime charged, the state was entitled to prove, if it could do so, that the fountain pen found at the scene of thd crime was in the possession of the appellant prior to and at the time the crime was committed. In order to make that proof, it was necessary for the state to show that the appellant had burglarized the Ver
 
 *286
 
 bois home just prior to the rape and had stolen the fountain pen. And as part of its proof, it was permissible for the state to show the larceny of the rifle which appellant sold to Mr. Summers and of the other articles found in appellant’s possession, as well as the larceny of the fountain pen, and that all the articles had been stolen from the Verbois home at the same time.
 

 The general rule in criminal cases that evidence of one offense cannot be offered in support of another offense is subject to several well-known exceptions. Among those exceptions is when evidence of an extraneous crime tends to identify the accused as the perpetrator of the crime charged. This exception to the general rule is stated in 16 Corpus Juris, § 1135, pp. 588, 589, as follows, viz.:
 

 “It has been said that evidence of other crimes committed by accused is relevant to prove his identity; but it is more correct to say that, where the commission of a crime is proved, evidence to identify accused as the person who committed it is not to be excluded solely because it proves or tends to prove that he was guilty of another and independent crime. However, to bring evidence within this exception, there must -be some connection between the two offenses.”
 

 It is also permissible to prove a collateral offense for the purpose of showing that shortly after or before the event the accused was in the vicinity of the place where the crime charged was committed. State v. Johnson, 111 La. 935, 36 So. 30.
 

 Another complaint of appellant is that the statements or admissions made by him relative to the burglary of the Yerbois home were inadmissible, because they referred to another crime wholly independent of the crime for which he was on trial, and because they were not freely and voluntarily made.
 

 As we have shown in our discussion of appellant’s first complaint, there is no force in the contention that the evidence of the burglary was inadmissible on appellant’s trial for rape. The crimes were so closely connected in the chain of relevant events that evidence as to one was necessarily admissible as tending to show appellant’s commission of the other.
 

 The trial judge found that appellant’s admissions were freely and voluntarily made, and we concur with his finding. The admissions were not made until appellant was confronted with Mr. Summers, to whom he sold the rifle. When identified by Mr. Summers as the person from whom he had bought the rifle, appellant, for the first time, admitted the burglary and larceny. Appellant, testifying in his own behalf, made no complaint that his admissions were not freely and voluntarily made. On the contrary, he testified that he did not mind telling the officers about the robbery because he knew when he saw ML Summers that they had him for the robbery and that they could prove he committed the crime.
 

 Appellant’s third and last complaint: is directed at certain questions propounded to him on cross-examination concerning his prior arrests in the state of Mississippi. Appellant’s complaint is untenable. When an accused becomes a witness he is subject to all the rules applying to other witnesses.
 
 *288
 
 Code Or. Proc. art. 462. And he may be compelled to answer, when on cross-examination, whether he has ever been indicted or arrested and how many times. Code Or. Proc. art. 495; State v. Florane, 179 La. 453, 154 So. 417, recently decided.
 

 Eor the reasons assigned, the verdict and sentence herein appealed from are affirmed.