198 So.2d 902

**STATE of Louisiana**

v.

**Richard WELCH.**

No. 48451.

May 1, 1967.

Rehearing Denied June 5, 1967.

James A. McPherson, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim

Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

Defendant, Richard Welch, prosecutes this appeal from his conviction and sentence to serve 15 years at hard labor in the state penitentiary on a charge by bill of information[1] with armed robbery[2] of one Wilfred Donald.

Appellant relies for reversal of his conviction and sentence on two alleged errors committed during the course of the trial to which timely objections were made and bills reserved. The first was taken when the trial judge allowed, over defendant's objection, the State's witness, Benjamin Seymour, to testify as to a prior similar crime committed against him by defendant. The second was reserved when the trial judge refused his motion for a new trial which was based, in addition to the error complained of in Bill of Exception No. 1, that (a) the verdict was contrary to the law and evidence; (b) there was no direct evidence connecting the defendant with the crime, the prosecuting witness having testi-

fied that the accused was not the person who robbed him, and (c) the court's action holding the prosecuting witness in contempt of court in the presence of the jury while testifying had the effect of discrediting his testimony, thereby prejudicing defendant's cause.

The undisputed facts show that Wilfred Donald and his cousin, Clayton Singleton, were in a parked car in the 2600 block of Desire Street in New Orleans about 6:30 on the evening of November 11, 1965 when Donald went into a laundromat where the accused, Richard Welch, whom Donald knew, borrowed fifty cents from him. Donald, after leaving the laundromat, went into the Jazz Box Lounge across the street and a few minutes later hurriedly left there saying Welch had robbed him of $74 in the men's room of the lounge. The two (Donald and Singleton) drove around a few blocks looking for the accused, and failing in their quest, called the police reporting the robbery and naming Welch as the assailant.

However, when Donald was placed on the witness stand by the prosecution, he stated

1. The bill of information charged that the defendant on the eleventh day of November, 1965 in Orleans Parish "while armed with a dangerous weapon, to-wit; a knife, robbed one Wilfred Donald of Seventy-four ($74.00) Dollars * * *."
2. R.S. 14:64—"Armed Robbery
A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of

another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. As amended Acts 1958, No. 380 § 1; Acts 1962, No. 475 § 1; Acts 1966, Ex.Sess., No. 5 § 1."

that the accused was not the one who robbed him explaining while he was sure up until the night before Welch was the assailant, having recognized him from his voice, for, at the time of the robbery he was being held at knife point with his face to the wall; but on the night before the trial he was again held at knife point by a person who sounded and looked like the accused, and hence, could not be sure it was the defendant who robbed him the first time. Whereupon the State pleaded surprise and sought to impeach the testimony of the witness by (1) a lengthy cross-examination, (2) the statements he had made to the investigating officers, and (3) the written statement he later made and signed.[3]

The error complained of in the first bill of exception, in regard to admission of evidence of another crime, is clearly without merit for the reasons given by the trial judge at the time of his ruling and also in

his per curiam, i. e., intent forms an element of the crime with which the accused was charged,[4] and the evidence was admissible under R.S. 15:445 [5] and R.S. 15:446 [6] for the purpose of showing "guilty knowledge or intent" or system. The jury was specifically informed by the trial judge at the time of his ruling and also in his charge to them, that such evidence was not to be considered as evidence to prove the offense charged but solely for the purpose of showing guilty knowledge, intent or system.[7]

The cases of State v. Brown, 185 La. 1023, 171 So. 433, and State v. Rives, 193 La. 186, 190 So. 374, relied upon by defense, have no application to the case at bar as they are inapposite from a factual as well as legal standpoint. In the former case (Brown) the trial judge overruled the objection and permitted the testimony of a deputy sheriff that the accused had been convicted four years previously for cow theft, " * * * to

---

3. It is apt to observe here that no bill of exception was perfected with respect to this phase of the case.

4. Theft is an element involved in the crime of armed robbery and is defined in R.S. 14:67 as the " * * * taking of anything of value which belongs to another * * * *An intent to deprive the other permanently* * * * *is essential.*" (Emphasis added.)

5. R.S. 15:445—"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."

6. R.S. 15:446—"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."

7. See State v. Hicks, 180 La. 281, 156 So. 353; State v. Wideman, 218 La. 860, 51 So.2d 96; State v. Howard, 243 La. 971, 149 So.2d 409; State v. Morgan, 129 La. 154, 55 So. 747; State v. White,

show that the pending accusation is not the first against the accused * * *." In the latter case (Rives) "the testimony elicited by the State from the witnesses * * * was not to show that defendant had actually committed a similar crime on a different occasion, but to show that he had intended and attempted to do so but had failed." Whereas in the case at bar, the admission of the evidence tendered was to show the perpetration of a similar offense by the accused shortly before the one for which he was being tried.

▆▆▆ Bill of Exception No. 2 is equally without merit. The mere allegation that the verdict is contrary to the law and evidence presents nothing for this court to review.[8] It is only when there is a total lack of evidence of the crime charged or of an element thereof that a question of law is presented.[9] Appellant's contention that there was no direct evidence to connect him with the crime charged is not supported by the record. As pointed out by the trial judge in his per curiam, the jury had opportunity to observe the prosecuting witness and obviously was not impressed with

his reasons for changing his statement, but rather accepted the statement he had made immediately after leaving the lounge and meeting Singleton, that he had been robbed by Welch which he repeated a few hours later to police officers who had responded to his call. This evidence was admissible as part of the res gestae and if believed by the jury was sufficient for conviction. Particularly since the evidence was corroborated by Singleton, who further testified that the accused, while Donald was in the lounge, approached him with the view of selling a gun, and upon Singleton's refusal to purchase it, he (the accused) entered the lounge in which Donald had previously entered and within a short time thereafter Donald came to the car saying Welch had robbed him of $74 in the men's room of the lounge. Defendant's contention that his cause was prejudiced by the trial judge holding the prosecuting witness in contempt of court during the course of the trial presents nothing for our consideration as no bill of exception was reserved and perfected with respect to this complaint.

For the reasons assigned the conviction and sentence are affirmed.

247 La. 19, 169 So.2d 894. See also footnotes 5 and 6 supra.

8. Article 7, Section 10 of the La. Constitution provides the appellate jurisdiction of the Supreme Court in criminal cases extends to questions of law alone.

9. See State v. Abadie, 247 La. 1043, 175 So.2d 825, and authorities therein cited.