Filed 5/21/13  P. v. Bazley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C072667 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F02678) |
| v. | |
| MICHAEL BAZLEY, | |
| Defendant and Appellant. | |

Between February 13, 2012, and February 22, 2012, defendant Michael Bazley stole checks belonging to Kathleen Rosing and deposited them in his bank account.  As a result, SAFE Credit Union suffered a $400 loss and Golden 1 Credit Union incurred a loss of $3,799.73.

Defendant was charged with second degree burglary (Pen. Code, § 459),[1] possession of a completed check or other financial instrument with intent to utter or pass it fraudulently (§ 475, subd. (c)), and identity theft (§ 530.5, subd. (a)) with an allegation that he had a prior conviction for a serious felony under the "Three Strikes" law -- a 1967

---

[1]     Undesignated statutory references are to the Penal Code.

Louisiana conviction for armed robbery. Pursuant to a negotiated plea, defendant pled no contest to identity theft with a stipulated sentence of three years in state prison in exchange for dismissal of the remaining charges and the strike allegation. The trial court sentenced defendant to the stipulated three-year state prison term, imposed various fines and fees, ordered defendant to pay $4,199.73 in victim restitution, and awarded 402 days' presentence credit (201 actual and 201 conduct).

Defendant appeals. His request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief asserting he should have been sentenced pursuant to section 1170, subdivision (h), rather than state prison because he was not represented by counsel in the Louisiana case and there was insufficient evidence to plead and prove the prior conviction beyond a reasonable doubt.

Defendant's offense is punishable under section 1170, subdivision (h), unless defendant has a prior conviction for a serious or violent felony. (§§ 1170, subd. (h)(3), 530.5, subd. (a).) A serious or violent felony used to disqualify a defendant from section 1170, subdivision (h), sentencing does not have to be pled or proven to a jury. (*People v. Griffis* (2013) 212 Cal.App.4th 956, 959.) However, there must still be substantial evidence showing that the prior conviction was in fact a strike. (*Ibid.*)

Defendant's plea agreement included a three-year state prison term as a stipulated sentence, and the People would not use the strike allegation other than to render defendant eligible for state prison. " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause. [Citation.]" (*People v. Shelton* (2006)

37 Cal.4th 759, 766; § 1237.5.) Since defendant did not obtain a certificate of probable cause, his contentions, which challenge a sentence that was part of the plea agreement, are not cognizable on appeal.

Defendant's claims also fail on the merits. The record shows that defendant has a 1967 Louisiana conviction for armed robbery (La. Rev. Stat. Ann. § 14:64). He contends this conviction is invalid because he was not provided counsel at the time of the prior conviction. We reject this, as a defendant cannot attack the constitutional validity of a prior conviction used in a current prosecution. (*Garcia v. Superior Court* (1997) 14 Cal.4th 953, 964.) His claim that the evidence of the prior conviction is inadmissible hearsay is also without merit, as the evidence of his prior is found in a rap sheet and the probation report, which are admissible at sentencing. (Evid. Code, § 1280; *People v. Cain* (2000) 82 Cal.App.4th 81, 87-88.)

For a conviction in a foreign jurisdiction to qualify as a strike offense in California, it must have involved conduct that would constitute a serious felony in California. (*People v. Avery* (2002) 27 Cal.4th 49, 53.) In order to qualify as a strike, if we do not know the facts of the prior offense, then we "must presume the prior conviction was for the least offense punishable under the foreign law. [Citations.]" (*People v. Jenkins* (2006) 140 Cal.App.4th 805, 810.) Robbery (§ 211), a serious felony (§ 1192.7, subd. (c)(19)), is defined in California "as the taking of personal property of some value, however slight, from a person or the person's immediate presence by means of force or fear, with the intent to permanently deprive the person of the property. [Citations.]" (*People v. Marshall* (1997) 15 Cal.4th 1, 34.)

When defendant was convicted in Louisiana, armed robbery was " 'the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.' " (*State v. Welch* (1967) 250 La. 719, 721, fn. 2 [198 So.2d 902] [quoting La. Rev. Stat. Ann. § 14:64].) Armed robbery required theft at the time, and "an essential element of the

crime of theft is the specific intent to permanently deprive the victim of the stolen property.  [Citation.]  Since armed robbery is a species of theft, the state must show that the defendant had the intent necessary for the offense of theft." (*State v. Bruins* (La. 1981) 407 So.2d 685, 687.)  Since armed robbery in Louisiana at that time was indistinguishable from robbery in California, defendant's prior conviction is a serious felony.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                                BLEASE                , Acting P. J.


We concur:


                NICHOLSON          , J.


                MAURO             , J.